IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01962-RM-KMT

KIM MILLBROOK,

    Plaintiff,

    v.

SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer,

    Defendants.

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Defendants Spitz, Murton, Collins, and Cochran ("Defendants") hereby move for summary judgment pursuant to Fed. R. Civ. P. 56. Plaintiff, an inmate at the Administrative Supermax Prison in Florence, Colorado, asserts deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to this Court's order, Plaintiff's surviving claims are: (1) Eighth Amendment excessive force claims asserted against Defendants Murton and Spitz; and (2) unconstitutional retaliation claims asserted against Defendants Spitz, Collins and Cochran. Because Plaintiff has not administratively exhausted these claims, this Court should grant summary judgment for Defendants.

1

## DEFENDANTS' STATEMENT OF MATERIAL FACTS

Defendants' Statement of Material Facts is attached hereto as Exhibit 1.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be granted where "the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986). "A 'material' fact is one that might affect the outcome of the suit under the governing law, and a 'genuine' issue is one for which the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotations omitted) (citing *Liberty Lobby*, 477 U.S. at 248).

Once the moving party meets the initial burden on summary judgment, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim. *See Liberty Lobby*, 277 U.S. at 248. Defendants bear the burden of establishing failure to exhaust administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007).

# ARGUMENT

I.   **PLAINTIFF'S CLAIMS ARE SUBJECT TO DIMISSAL BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

   A.   **The Prison Litigation Reform Act requires exhaustion of all available administrative remedies.**

The Prison Litigation Reform Act ("PLRA") requires all inmates to exhaust "such administrative remedies as are available" prior to initiating suit over prison conditions.  *See* 42 U.S.C. § 1997e(a).  "Exhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in court."  *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  A "plaintiff's status at the time he files suit" determines whether he is required to comply with the PLRA's exhaustion requirements.  *Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) (*per curiam*).  If the plaintiff is in custody at the time he files suit, he is required to satisfy the exhaustion requirements under the PLRA.  *See id*.  The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes.  *Porter*, 534 U.S. at 532.

Here, Plaintiff was in BOP custody at the time he filed suit, and is expected to remain in BOP custody for the foreseeable future.  *See* ECF No. 1 (Complaint, filed February 27, 2015); Defendants' Statement of Material Facts ("DSMF") ¶¶ 1-2; 54.  Therefore, the PLRA requires that he exhaust his administrative remedies.

   B.   **Plaintiff failed to exhaust his administrative remedies with respect to his placement in the SHU.**

The BOP maintains a four-step administrative remedy program, by which inmates such as Plaintiff may raise grievances.  *See* 28 C.F.R. §§ 542.10-19; DSMF ¶ 4.  In Step 1, the inmate

3

must attempt informal resolution of his complaint with the appropriate BOP staff member. *See* 28 C.F.R. § 542.13; DSMF ¶ 4. Assuming no satisfactory resolution is achieved, the inmate must take Step 2 by filing a formal Administrative Remedy Request ("BP-9"), ordinarily within twenty calendar days of the event giving rise to the grievance. *See* 28 C.F.R. § 542.14(a); DSMF ¶ 4.

If the inmate is dissatisfied with the outcome at Step 2, the inmate must take Step 3 by filing an appeal ("BP-10") to the Regional Director within twenty days. *See* 28 C.F.R. § 542.15(a); DSMF ¶ 4. If the Step 3 appeal is unsuccessful, the inmate must file an appeal ("BP-11") to the General Counsel within thirty days. *See* 28 C.F.R. § 542.15(a); DSMF ¶ 4. The appeal to the General Counsel is the final administrative stage, and only upon its conclusion has the inmate exhausted the available administrative remedy scheme with respect to the claim at issue. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006); *Kikumura*, 461 F.3d at 1281-82.

Plaintiff has never filed a formal administrative remedy request relating to the claim at issue. DSMF ¶ 11. In fact, more than sixteen months passed between Plaintiff's most recent formal administrative remedy request and the earliest of the alleged events described in his Amended Complaint. *See* DSMF ¶ 11; ECF No. 15 at 6. Consequently, Plaintiff's claims against all Defendants should be dismissed for failure to exhaust his administrative remedies.[1]

---

[1] "A dismissal based on lack of exhaustion … should ordinarily be without prejudice." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled in part on other grounds* by *Jones*, 549 U.S. 199. However, where any potential request for administrative remedy filed by an inmate after dismissal would be untimely, and therefore procedurally defaulted, this Court should dismiss the claim at issue with prejudice. *Cf. Kikumura*, 461 F.3d at

## CONCLUSION

For the above reasons, this Court should grant Defendants' Motion for Summary Judgment and enter judgment for Defendants.

DATED February 22, 2019.

                                               JASON R. DUNN
                                               United States Attorney

                                               s/ *Katherine A. Ross*
                                               Katherine A. Ross
                                               Assistant United States Attorney
                                               1801 California Street, Suite 1600
                                               Denver, Colorado 80202
                                               Telephone: (303) 454-0100
                                               E-mail: katherine.ross@usdoj.gov
                                               Counsel for Defendants

---

1290 (holding that if the inmate's failure to exhaust is not "a temporary, curable, procedural flaw," the case should be dismissed with prejudice) (internal quotations omitted).

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, I caused the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be sent by U.S. Mail to the following non-CM/ECF participant:

    Kim Millbrook, Plaintiff *pro se*
    # 13700-026
    Florence ADX
    Inmate Mail/Parcels
    P.O. Box 8500
    Florence, CO 81226

                                          *s/ Betsy Hernandez-Soto*
                                          United States Attorney's Office