IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-01962-RM-KMT

KIM MILLBROOK,

    Plaintiff,

v.

SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities, and
UNITED STATES OF AMERICA,

    Defendants.

___

## ORDER
___

This matter is before the Court on the August 26, 2019, recommendation of Magistrate Judge Kathleen M. Tafoya (ECF No. 64) to deny the individual Defendants' motion for summary judgment (ECF No. 33) and to grant in part and deny in part the individual Defendants' motion to dismiss (ECF No. 53). Plaintiff, a federal prisoner proceeding pro se, has filed an objection to the recommendation (ECF No. 67) along with three new motions (ECF Nos. 64, 68, 69). Defendants do not object to the recommendation. They have responded to Plaintiff's objection but not to his new motions. For the reasons below, the Court overrules Plaintiff's objection, accepts and adopts the recommendation, denies the motion for summary judgment, grants in part and denies in part the motion to dismiss, and denies two of Plaintiff's new motions.[1] The

___

[1] Plaintiff's motion for an examination pursuant to Fed. R. Civ. P. 35 (ECF No. 69) has been referred to the magistrate judge. (ECF No. 71.)

recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.  **LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers'*

*Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). Pursuant to 28 U.S.C. § 1915(e)(2)(B), failure to state a claim is a ground for sua sponte dismissal where, as here, the plaintiff is permitted to proceed without payment of an initial partial filing fee. *Jones v. Bock*, 549 U.S. 199, 214 (2007).

Plaintiff proceeds pro se, so the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff is an inmate at the administrative maximum facility in Florence, Colorado. Plaintiff asserts that Defendant Spitz, the assistant warden, took offense to a comment he made and told him "that she was going to teach [him] a lesson." (ECF No. 16 at 6.) Soon afterward, Defendants Spitz and Murton and four unknown correctional officers came to Plaintiff's cell to conduct a search. Plaintiff was handcuffed and placed in another cell. He complained that the handcuffs were cutting off blood circulation, but the officers "told [him] to shut [his] mouth" (*id.* at 7) and refused to loosen them. Plaintiff was left in the cell for twenty to thirty minutes while his cell was searched. Defendant Murton and the four unknown officers then took Plaintiff—still handcuffed—back to his cell, telling him that they would teach him not to mess with Defendant Spitz or any female staff at the prison. Defendant Murton then slammed Plaintiff's head and

right shoulder against the bars and tried to break his arm by pulling up on the handcuffs. Defendant Murton also stuck his finger in Plaintiff's anus for three to five seconds. Defendant Murton then removed the handcuffs and left. Plaintiff suffered "permanent nerve damage in [his] wrists and fingers" (*id.* at 11) and injuries to his head, neck, back, and arms as well as other symptoms, including severe headaches and post-traumatic stress disorder.

Plaintiff reported the incident to Defendants Collins and Cochran, stating that he was in pain and that his anus was bleeding. Defendants Collins and Cochran denied Plaintiff's requests for medical treatment. When Plaintiff said he would file a grievance against them, Defendant Collins "said that he would kick [Plaintiff's] ass," and Defendant Cochran "said he was going to spray [Plaintiff] with mace" (*id.* at 13). Various other prison officials also denied Plaintiff's requests for medical treatment.

Later, Plaintiff told Defendant Spitz that he would file a grievance or lawsuit against her and other prison officials. She responded that "she was going to have [him] set up to be beat up or killed and to watch [his] back" (*id.* at 18).

Weeks later, after Plaintiff filed a lawsuit against the individual Defendants, Defendant Collins threatened Plaintiff that he was "going to get your dumb black ass sooner or later" (*id.*).

In his lawsuit against the individual Defendants, Plaintiff alleges violations of his First and Eight Amendment rights,[2] seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as well as 18 U.S.C. § 3626 and 42 U.S.C. § 1997e(e). The Court dismissed several of Plaintiff's claims, leaving only the Eighth Amendment excessive force claims against Defendants Spitz and Murton and the First Amendment retaliation claims against

---

[2] Although Plaintiff specifically alleged only Eighth Amendment violations in his complaint, this Court determined that his allegations, liberally construed due to his pro se status, also implicated First Amendment retaliation claims. (ECF No. 17 at 10-11.)

Defendants Spitz, Collins, and Cochran. (ECF No. 17 at 12.) Plaintiff then brought a separate lawsuit against the United States, alleging various tort claims based on the same underlying conduct and seeking relief under the Federal Tort Claims Act ("FTCA"). Because the two cases are based on substantially similar allegations, they have been consolidated. (ECF No. 43.)

## III. DISCUSSION

### A. Motion for Summary Judgment

The individual Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them. Plaintiff does not dispute that he did not exhaust his administrative remedies for these claims; he argues that the individual Defendants' threats and intimidation prevented him from filing grievances, and therefore those administrative remedies were unavailable to him.

The magistrate judge recommends denying the individual Defendants' motion for summary judgment because, granting all justifiable inferences in Plaintiff's favor, the individual Defendants' conduct deterred him from filing any grievances, and thus there are disputed material facts about whether the prison grievance process was available to Plaintiff. The Court discerns no error in the magistrate judge's analysis of this issue, and Defendants did not object to the recommendation. Therefore, the motion is denied for the reasons stated in the recommendation.

### B. Motion to Dismiss

The individual Defendants seek dismissal of the claims against them on the grounds that there is no *Bivens* remedy for these claims and because they are entitled to qualified immunity. Plaintiff argues in a conclusory fashion that he stated Eighth Amendment claims against

Defendants Spitz and Murton and First Amendment claims against Defendants Spitz, Collins, and Cochran.

Before reaching the parties' arguments, the magistrate judge determined sua sponte that Plaintiff's claims against the individual Defendant in their official capacities are subject to dismissal because they are barred by the doctrine of sovereign immunity. "[A] *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citations omitted). Plaintiff fails to respond meaningfully to this part of the recommendation, as his objection cites only FTCA cases. No motion is before the Court with respect to Plaintiff's claims against the United States. Under these circumstances, the Court agrees that dismissal of the official-capacity claims against the individual Defendants is appropriate.

The magistrate judge sua sponte also determined that Plaintiff's claims against the individual Defendants for declaratory relief should be dismissed because there is no case or controversy regarding such relief. "[W]here a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011). Here, granting declaratory relief would amount to merely a retrospective opinion that he was wrongly harmed by the individual Defendants. *See id.* Plaintiff fails to respond meaningfully to this part of the recommendation. The Court concludes that the magistrate judge's analysis was thorough and sound with respect to this issue and discerns no clear error on the face of the record. Accordingly, dismissal of Plaintiff's claims against the individual Defendants for declaratory relief is appropriate.

Turning to the parties' arguments with respect to Plaintiff's claims against the individual Defendants in their individual capacities, the magistrate judge aptly applied the framework established in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), for determining whether to recognize an implied damages remedy under *Bivens*. *See id.* at 1857 ("[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity."). A court must first determine "whether a case presents a new *Bivens* context" because it "is different in a meaningful way from previous *Bivens* cases" decided by the Supreme Court. *Id.* at 1859. Second, if the case does present an extension of *Bivens* into a new context, the court must consider "if there are special factors counselling hesitation" in permitting the extension, including the existence of an alternative remedial structure. *Id.* at 1857-58 (quotation omitted).

Here, the magistrate judge determined that Plaintiff's First and Eight Amendment claims present new *Bivens* contexts. The magistrate further determined that Plaintiff had alternative means for protecting the interests at stake, including injunctive relief and the mandamus statute. Plaintiff fails to meaningfully respond to the magistrate judge's reasoning. The Court discerns no error in the magistrate judge's analysis and concludes that expanding the *Bivens* remedy to include Plaintiff's claims is not appropriate.

Based on the Court's conclusion that *Bivens* does not provide a remedy for damages against the individual Defendants, there is no need to address their contention that they are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (quotation omitted)). However, to the extent Plaintiff seeks injunctive relief only, Plaintiffs First and Eighth Amendment claims survive.

*See* 18 U.S.C. § 3626 (providing appropriate remedies with respect to prison conditions). No party has objected to the magistrate judge's determination that the case should proceed against the individual Defendants on Plaintiff's First and Eighth Amendment claims seeking injunctive relief. Accordingly, the motion to dismiss is granted except to the extent that Plaintiff may pursue injunctive relief on his First and Eighth Amendment claims.[3]

      **C.**      **Other Motions**

Since the recommendation was filed, Plaintiff has filed other motions in addition to his objection. In his motion to clarify (ECF No. 68), Plaintiff states that he "needs some type of confirmation" that his declaration/motion in support of a preliminary and permanent injunction is still pending in this case. (ECF No. 66 at 2.) However, as noted in the motion to clarify, the Court denied that declaration/motion on August 23, 2019. (ECF No. 63.) This Order establishes the current status of Plaintiff's claims. To the extent that Plaintiff's motion seeks further clarification of the status of his claims, the Court denies the motion.

In his motion for reconsideration (ECF No. 68), Plaintiff appears to raise additional objections to the magistrate judge's recommendation and to request an evidentiary hearing on newly discovered evidence. But, in addition to being procedurally improper, the arguments raised do not materially add to the objections addressed above, and Plaintiff cites no new evidence. For these reasons, the Court denies the motion.

**IV.**      **CONCLUSION**

Therefore, the Court

    (1)      OVERRULES Plaintiff's objection (ECF No. 67),

---

[3] Plaintiff's tort claims against the United States remain pending as well. The United States has filed an answer in this case (ECF No. 54) but has not otherwise responded to the claims against it.

(2) ACCEPTS and ADOPTS the magistrate judge's recommendation (ECF No. 64),

(3) DENIES the individual Defendants' motion for summary judgment (ECF No. 33),

(4) GRANTS IN PART and DENIES IN PART the individual Defendants' motion to dismiss (ECF No. 53), as stated above, and

(5) DENIES Plaintiff's other motions (ECF Nos. 66, 68).

DATED this 23rd day of September, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge