IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 18-cv-01962-RM-KMT

KIM MILLBROOK,

    Plaintiff,

v.

SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities, and
UNITED STATES OF AMERICA,

    Defendants.

___

**ORDER**
___

    This prisoner case seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is before the Court on the Plaintiff's Motion to Reverse (ECF No. 118) and Plaintiff's Motion to Clarify (ECF No. 130). Plaintiff has filed a memorandum in support the former motion (ECF No. 119), and Defendants have filed a response (ECF No. 126). Plaintiff proceeds pro se, so the Court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, for the reasons below, both motions are denied.

**I.    MOTION TO REVERSE**

    In a previous order, the Court adopted the magistrate judge's recommendation and granted in part and denied in part the individual Defendants' motion to dismiss. (ECF No. 72.) As pertinent here, the Court determined that Plaintiff's First and Eight Amendment claims

against the individual Defendants failed because they arose in new *Bivens* contexts, and "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quotation omitted). Based on this determination, the Court did not reach the issue of whether the individual Defendants were entitled to qualified immunity.

In his motion, Plaintiff argues that "the new law called the 'Police Reform Act' . . . abolished protection and immunity for law enforcement officers," and therefore *Ziglar* no longer protects Defendants Spitz and Murton from Plaintiff's Eight Amendment claims. (ECF No. 118 at 1-2.) However, Plaintiff is mistaken that this new law exists, and *Ziglar* remains good law until the Supreme Court or Congress takes action to change it. Therefore, the motion fails to present a valid basis for reversing the dismissal of the Plaintiff's claims against these Defendants in their individual capacities. Nor does the Court discern any argument as to why the claims against these Defendants in their official capacities should not have been dismissed. Accordingly, the Court denies this motion.

## II.     MOTION TO CLARIFY

The intent behind Plaintiff's motion to clarify is not clear to the Court. Plaintiff appears to be asking the Court to assist him with having his deposition notarized and signed, but it is far from clear what specific action Plaintiff is asking the Court to perform or even what action could be taken under the circumstances. Therefore, the Court denies the motion without prejudice at

this stage of the case.  Should Plaintiff wish to seek further relief through an appropriate and comprehensible pleading, he may do so.

### III. CONCLUSION

Therefore, the Court DENIES Plaintiff's motion to reverse (ECF No. 118) and DENIES WITHOUT PREJUDICE Plaintiff's motion to clarify (ECF No. 130).

DATED this 12th day of November, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge