## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 18-cv-01962-RM-KMT

KIM MILLBROOK,

    Plaintiff,

v.

SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities, and
UNITED STATES OF AMERICA,

    Defendants.

---

## ORDER
---

Plaintiff, a federal prisoner proceeding pro se, seeks preliminary and permanent injunctive relief. (ECF No. 135.) Defendants have responded to Plaintiff's motion (ECF No. 136). For the reasons below, the motion is denied.

### I.    LEGAL STANDARDS

To obtain a temporary restraining order or injunctive relief in any other form, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary

injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held.  *Id.*  If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden.  *Id.* at 1259.

Plaintiff proceeds pro se; thus, the Court construes his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the Court cannot act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     BACKGROUND

Plaintiff filed his amended complaint in September 2018, asserting two claims that prison officials violated his constitutional rights after taking offense to a comment he made.  Plaintiff alleges, generally, that prison officials assaulted him in his cell, retaliated against him for filing complaints and lawsuits, and denied his requests for medical treatment.  A more detailed description of Plaintiff's allegations can be found in the Court's September 23, 2019 Order. (ECF No. 72.)  In his motion for preliminary and injunctive relief, Plaintiff seeks an order directing prison officials to allow him six free phone calls a month to his family members, to renew his prescriptions for hair and skin products, and to place him in home confinement due to the COVID-19 pandemic.

### III.   ANALYSIS

The fundamental problem with Plaintiff's motion is that the relief he is seeking is unrelated to the merits of his complaint, which pertain to events that occurred in July 2018.  As a result, Plaintiff has not shown a substantial likelihood of prevailing on the merits of his case. Nor is the Court persuaded Plaintiff will suffer irreparable harm if an injunction is not issued. On the current record, Plaintiff has not shown a clear and unequivocal right to relief.

### IV.   CONCLUSION

For the reasons above, the Court DENIES Plaintiff's motion for preliminary and permanent injunctive relief (ECF No. 135).

DATED this 8th day of January, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge