IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 18–cv–01962–RM–KMT
       Consolidated with Civil Action No. 18–cv–02667–RM–KMT

KIM MILLBROOK,

       Plaintiff,

v.

A.W. SPITZ
LT. MURTON
CORRECTIONAL OFFICER COLLINS
CORRECTIONAL OFFICER COCHRAN, in their individual and official capacities,
UNITED STATES OF AMERICA,

       Defendants.

## ORDER

Before the court is Plaintiff's "Motion for Appointment of Counsel." (["Motion"], Doc. No. 137.) No response has been filed to the Motion, and the time to do so has lapsed. After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the

litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Plaintiff Kim Millbrook,[1] an inmate in the custody of the Federal Bureau of Prisons ["BOP"], brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ["FTCA"], 28 U.S.C. §§ 2671-2680. (["Bivens Complaint"], Doc. No. 16, at 3-5; ["FTCA Complaint"], *Millbrook v. USA*, No. 1:18-cv-02667-RM-KMT (D. Colo. Dec. 11, 2018), ECF No. 9, at 2-3.) At all times relevant to this case, Plaintiff was housed at the BOP's Administrative Maximum ["ADX"] facility in Florence, Colorado. (*See id. generally*.) Plaintiff alleges that, on July 18, 2018, he was physically and sexually assaulted by the individual Defendants, all ADX corrections officers, and that he was retaliated against for reporting the incident. (Bivens Compl. 6-18; FTCA Compl. 4-11.)

Based on these allegations, on August 8, 2018, Plaintiff commenced this lawsuit against the individual ADX corrections officers, asserting *Bivens* claims for violations of his rights under the First and Eighth Amendments. (Bivens Complaint 3-5, 6-18.) Plaintiff thereafter initiated a separate action against the United States, asserting FTCA claims for negligence, assault, sexual assault, and failure to prevent or protect. (FTCA Complaint 2-11.) The cases were thereafter consolidated, on March 14, 2019. (Doc. No. 43.) The claims are neither novel, nor complex, and Plaintiff has relayed the substance of his claims effectively thus far.

In support of his request for the appointment of counsel, Plaintiff states that he "is unable to afford" an attorney. (Mot. 1.) Plaintiff argues that his "imprisonment will greatly limit his

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

ability to litigate," particularly given that he has "limited knowledge of the law," and "limited access to the law library," due to complications caused by the COVID-19 coronavirus pandemic. (*Id.*)  He insists that the issues raised by this case "are complex, and will require significant research and investigation."  (*Id.*)  In addition, Plaintiff reports that "[a] trial in this case will likely involve conflicting testimony."  (*Id.* at 2.)  Plaintiff is adamant that appointed counsel "would better enable" him "to present evidence and cross examine witnesses."  (*Id.*)  Nevertheless, Plaintiff does not specifically address the nature and complexity of the action, the potential merit of his claims, or the actual efforts he has undertaken to retain an attorney by other means.  *See* D.C.COLO.LAttyR 15(f)(1)(B).  Although Plaintiff has expressed concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel.  *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008).  In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel.  On balance, therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Motion for Appointment of Counsel" (Doc. No. 137) is **DENIED**.

Dated this 31st day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4