IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01962-RM-KMT

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities,

    Defendants.

---

## ORDER
---

This consolidated prisoner civil rights action is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 142.) Defendants have filed a Response to the Motion (ECF No. 143), but Plaintiff has not filed a Reply. The Motion is denied for the reasons below.

Plaintiff is a federal prisoner proceeding pro se; therefore, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor

syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Entry of default is a prerequisite to granting default judgment. *See Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) ("[T]he clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment."). Here, no default has been entered. On June 22, 2021, Plaintiff filed a pleading entitled, "Declaration for Entry of Default." (ECF No. 141.) But that pleading does not contain a request that the Clerk enter default.

Further, default judgment is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1067 (D. Colo. 2015) (quotation omitted). Here, as the docket shows, Defendants have regularly participated in these proceedings, responding most recently to Plaintiff's Motion and before that to his motion seeking injunctive relief. (ECF Nos. 136, 143.) Defendants' further involvement in this matter is outlined in their Response.

Therefore, the Court DENIES Plaintiff's Motion for Default Judgment (ECF No. 142).

DATED this 6th day of October , 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge