IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01962-RM-NRN

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities,

    Defendants.

---

**ORDER**

---

This action brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act is before the Court on Plaintiff's Motion in Limine (ECF No. 155), seeking an order excluding any future testimony or evidence by Drs. Barton Goldman and Alexandra Garber. Defendants have filed a Response to the Motion (ECF No. 171), but Plaintiff has not filed a Reply. The Motion is denied for the reasons below.

In this case, Plaintiff, a federal prisoner, alleges that Defendants Murton and Spitz used excessive force against him in violation of the Eighth Amendment, causing numerous physical injuries. He also alleges that Defendants Sptiz, Collins, and Cochran retaliated against him in violation of the First Amendment.

Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of

procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's reliance on the doctor-patient privilege and the Health Insurance Portability and Accountability Act ("HIPAA") is misplaced under the circumstances.  No doctor-patient privilege is recognized by federal common law, *see Whalen v. Roe*, 492 U.S. 589, 602 n.28 (1977), and, in any event, Plaintiff has put his medical condition at issue by filing this lawsuit, thereby waiving any such claim of privilege, *see, e.g.*, *Lake v. Steeves*, 161 F.R.D. 441, 443 (D. Kan. 1994).  Nor does HIPAA provide grounds for excluding testimony or evidence by these doctors.  HIPAA allows otherwise protected health information to be disclosed in judicial proceeding without the patient's consent, *see* 45 C.F.R. § 164.512(e), and the Bureau of Prisons is not a "covered entity" under the statute, *see* 45 C.F.R. § 160.103.

Accordingly, the Court DENIES Plaintiff's Motion in Limine (ECF No. 155).

DATED this 14th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge