**Exhibit 1**

**Draft Final Pretrial Order with Plaintiff's Handwritten Edits**

*Millbrook v. Spitz et al.,* **Case No. 18-cv-01962-RM-MDB (D. Colo.)**

*[handwritten top:]* *Abrethis Information*
*United States v. Muntze,*
*374 U.S. 150, 150 (1963)*
*See Millbrook v. United States,*
*869 U.S. ___ (March. 27, 2013)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO   *See 28 USC 8 2679(d)(c)*

Civil Action No. 18-cv-01962-RM-MDB

KIM MILLBROOK,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer,

     Defendants.

*[handwritten right side:]* *Plaintiff is suing the U.S.A. under the theory of respondeat superior. Plaintiff injures was caused by Federal employees negligence; sexual assault and battery; and assault and battery in a non-discretionary function in the scope of their employment; Federal employees owed Plaintiff a duty of care; breached their duties by their negligence, & failed to a duty of care ordinary diligence*

### FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

A telephonic final pretrial conference was held on November 1, 2022, at 11:00am before

Magistrate Judge Dominguez Braswell.  Plaintiff Kim Millbrook, appeared *pro se.*  Katherine A.

Ross and Nicholas A. Deuschle of the United States Attorney's Office, 1801 California St., Ste.

1600, Denver, Colorado 80202, appeared on behalf of Defendants.[1]

### 2. JURISDICTION

Jurisdiction over Plaintiff's claims for injunctive relief against Defendants Spitz, Murton,

---

[1] Per the Court's September 12, 2022, Order, Defendants' counsel held an in-person meeting with Plaintiff on October 11, 2022, regarding this Final Pretrial Order.  Prior to the meeting, Defendants' counsel prepared a draft of this document, which it provided to Plaintiff for review and discussion.  Following additional conferral, the parties agreed to this proposed Final Pretrial Order.

*[handwritten bottom:]* *— Over —*

paragraph 20 of FTCA complaint
states: I suffer the symptoms of
Pain; suffering; Physical Injuries
to my neck; headaches; backe;
shoulders (right and left); arms,
bleeding out of my butthole,
permanent nerve Damage in what
area; PTSD symptons of Paranoia;
nightmares; Insomnia; Anxiety;
Flashbacks; Depression; Blackouts.

" Add this Information "

Claim one In Bivens complaint: 8th
Amend. Cruel and unusual punishment
Deliberate Indifferent to a serious risk
of harm to an inmate, excessive use
of Force, Failure to Prevent and Protect
or Intervene violations.

Claim one in FTCA complaint: negligence;
Assault and battery; sexual assault
and battery; Failure to prevent and
protect.

Collins, and Cochran (the "Individual Defendants") is proper in this Court pursuant to 28 U.S.C.

§§ 1331 and 1343, in that this action arises under federal law, specifically the First and Eighth

Amendments to the United States Constitution. However, the Individual Defendants contend

that Plaintiff's injunctive relief claims are now moot because Plaintiff has not alleged any

continuing violation.

Jurisdiction over Plaintiff's claims for relief against the United States is proper in this

Court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). Venue is proper

in this Court pursuant to 28 U.S.C. § 1391(b) since all the events relevant to the claims set forth

in the Complaint occurred within the state of Colorado.

Plaintiff asserts that he has a surviving *Bivens* claim against Defendant Spitz for failure to

protect in violation of the Eighth Amendment. This is discussed further in the "Special Issues"

section.

### 3. CLAIMS AND DEFENSES

**Plaintiff:** Plaintiff Kim Millbrook alleges as follows: On July 18, 2018, he had a

conversation with Defendant Spitz, in which he told her he had an "agape love" for her, which

means a "godly love." Spitz took what he said out of context and told him she was going to

teach him a lesson about talking to her in that way. Spitz retrieved Defendant Murton and four

other officers, who cuffed Plaintiff and removed him from his cell. When Mr. Millbrook

complained to Murton and Spitz that the handcuffs were too tight, they told him to "shut your

mouth," and refused to loosen the cuffs. Mr. Millbrook was held in a holding cell with the

tight cuffs for over 20 to 30 minutes while his cell was searched.

Mr. Millbrook asked Lt. Murton why he was being removed from his cell? He replied

6

that Mr. Millbrook's cell was to be searched for contraband and to teach Mr. Millbrook a lesson for telling A.W. Spitz that he loved her thus violating Mr. Millbrook's 8th amendment right of failure ot protect, prevent or intervene and deliberate indifference to a serious risk of harm to an inmate. Mr. Millbrook complied with Lt. Murton's order and let Murton put the restraints on his wrists in which were applied extremely tight cutting off blood circulation thus committing an 8th amend. Violation of excessive use of force and cruel and unusual punishment by the infliction of pain maliciously and sadistically to cause harm upon Mr. Millbrook. Mr. Millbrook told Lt. Murton, the four unknown correctional officers and A.W. Spitz that the restraints were too tight and to please loosen them. They all told him to shut his mouth and that the restraints would not be loosened thus violating his 8th amendment rights of deliberate indifferent, excessive use of force and failure to prevent, protect or intervene by A.W. Spitz and the four unknown staff officials

Later, Murton and the other four officers Mr. Millbrook's to his cell, at which time Murton told Mr. Millbrook, "Now we are going to teach you a lesson about what you said" to Spitz. Murton began pulling on the tight handcuffs and slammed his head and shoulder into the steel bars, trying to break Mr. Millbrook's arms. When the cell gate closed, Murton reached inside the cell with his free hand, shoved it down the back of Mr. Millbrook's shorts, and stuck his finger into Mr. Millbrook's anus for three to five seconds. Murton then unlocked the cuffs and backed out of the cell. Mr. Millbrook immediately said to the staff present that Murton had sexually assaulted him while they did nothing, and that he wanted to make a report. Staff did not take a report at that time.

Mr. Millbrook later reported the assault by Murton to Defendants Collins and Cochran.

7

They told Mr. Millbrook that they had not been present for the assault, and Mr. Millbrook told them that he intended to file a grievance and lawsuit against them. Collins responded by threatening to "kick [Mr. Millbrook's] ass," and Cochran threatened to spray Mr. Millbrook with mace.

On July 25, 2018, Mr. Millbrook told Spitz that he intended to file grievances and a lawsuit against her, Murton, and other correctional officers. Spitz responded that she was going to have him "set up to be beat up or killed and to watch [his] back."

Mr. Millbrook brings claims for assault, battery, and negligence seeking money damages against the United States pursuant to the Federal Tort Claims Act. He also brings claim Eighth Amendment excessive force claims for injunctive relief against Defendants Murton and Spitz, and First Amendment unconstitutional retaliation claims for injunctive relief against Defendants Spitz, Collins, and Cochran.

Finally, Plaintiff brings an Eighth Amendment *Bivens* claim against Defendant Spitz for failure to protect.

Wherefore, Plaintiff respectfully prays that this honorable court enter judgment granting Plaintiff: Compensatory damages in the amount of $6 million against the Defendant, the United States of America for the actions of Murton, Spitz, Collins, Cochran, and four unidentified corrections officers. Plaintiff respectfully prays that this Court enter Judgement granting Plaintiff:

1. A declaration that the acts and omission described herein violated Plaintiffs rights under the laws and U.S. constitution.

2. A preliminary/TRO and permanent injunction of the FRCP 65 ordering

8

defendants Spitz and Murton enjoining their successors in office, agents and employees and all other persons acting in concert and participation with them, from violating my 8th amendment U.S. constitutional rights of cruel and unusual punishment excessive force; failure to prevent and protect; unconstitutional condition of confinement by use or threats; harassment; and intimidation; deliberate indifference of denial of serious medical treatment; to compel the defendants to give me a examination at the health care of hospital in regard to plaintiff being physically and sexually and mentally and emotionally injured on 7-18-18 at ADX Florence Colorado; and to compel the defendants to provide me pain medication from my injuries from the 7-18-18 incident at ADX Florence Colorado; To compel to be treated for insomnia; paranoia; depression; and anxiety by psychology.

**Defendants:** The United States and the Individual Defendants deny Plaintiff's allegations that any assault or use of excessive force occurred. On July 18, 2018, while she was conducting weekly rounds, Associate Warden ("AW") Spitz spoke with Plaintiff when he stopped her at his cell and thanked her for helping him resolve a past dental treatment issue. He then raised some concerns. While he was talking, he stopped and silently mouthed the words, "I love you," and made a kissing gesture. AW Spitz asked him what he said, and he again mouthed the words, "I love you," and blew kisses. She told him that his behavior was inappropriate and walked away. She did not tell Plaintiff to "shut your mouth," or any other words to that effect.

Lieutenant Murton observed AW Spitz speaking with Plaintiff, saw him blow a kiss towards her, heard her tell Plaintiff that his conduct was inappropriate, and saw her walk away.

9

He briefly spoke with her to confirm what had happened, then asked other staff—including Defendant Correctional Officers Collins and Cochran—to assist him in searching Plaintiff's cell for contraband. AW Spitz did not ask or instruct him Lieutenant Murton do so.

Lieutenant Murton then instructed Plaintiff to "cuff up," which he did. (AW Spitz was not present.) Lieutenant Murton and the other staff escorted Plaintiff to a holding cell; searched and inventoried his cell; then escorted Plaintiff back to his cell. Lieutenant Murton entered the sallyport to Plaintiff's cell, returned Plaintiff to the cell, and removed the restraints. The other staff members waited nearby. During this process, Plaintiff stated, "I am going to file a lawsuit against you, and I am real good at filing lawsuits." As Lieutenant Murton was leaving, Plaintiff said words to the effect of, "You stuck a finger up my butt."

No such assault occurred. Nevertheless, in compliance with the Prison Rape Elimination Act ("PREA") and BOP policy, Plaintiff was immediately medically evaluated, and an investigation was conducted the same day. The medical examination of Plaintiff noted no significant findings and no apparent distress, with no visible marks on Plaintiff's wrists or anywhere else on his body. Three witnesses provided written statements affirming that Lieutenant Murton did nothing inappropriate.

Defendants also deny that any retaliation occurred. Neither Collins nor Cochran has any recollection of Plaintiff telling them he would file a grievance against them. Collins did not threaten to harm him, and Cochran did not threaten to spray him with mace. Nor did AW Spitz threaten Plaintiff. On July 25, 2018, the day that Plaintiff claims she did, AW Spitz was occupied with other duties, and did not interact with Plaintiff at all.

Finally, the Individual Defendants assert that Plaintiff's claims for injunctive relief are

10

subject to dismissal because Plaintiff failed to exhaust his administrative remedies prior to bringing suit. *See* ECF No. 33 (Individual Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies).[2]  Additionally, as set forth above, the Individual Defendants contend that this Court lacks jurisdiction over Plaintiff's claims for injunctive relief, because these claims are moot.  Specifically, there is no continuing violation associated with Plaintiff's claims.  Plaintiff does not allege any ongoing injury or harm, and moreover, three of the four individual defendants have changed jobs and/or facilities, and therefore no longer have contact with Mr. Millbrook.

## 4. STIPULATIONS

1. Plaintiff has exhausted his administrative remedies with respect to his FTCA claims.

## 5. PENDING MOTIONS

None at this time.

## 6. WITNESSES

### a.    Non-Expert Witnesses

None of the parties' non-expert (lay) witnesses will testify by deposition.

### a.    Plaintiff's Will Call Lay Witnesses:

All of Plaintiff's witnesses will be called as hostile witnesses.

| Name | Address & Phone | Statement of Testimony |
|------|-----------------|------------------------|
| Kim Millbrook | USP Florence ADMAX U.S. Penitentiary PO Box 8500 Florence, CO 81226 | Will call to testify to the 7-18-18 incident of me claiming I was physically and sexually assaulted by Lt. Murton, and threats by A.W. Spitz. |
| Associate | FCC Florence | Will call to testify to the 7-18-18 |

---

[2] The Court denied summary judgment on the grounds that Plaintiff argued that the Individual Defendants' threats and intimidation prevented him from filing grievances, and therefore the administrative remedy program was not available to him. *See* ECF No. 72 at 5.  As such, there remains a factual dispute as to exhaustion, which will be addressed at trial.

11

| Warden Spitz | 5880 Colorado Hwy. 67 Florence, CO 81226 (719) 784-9454 | incident of me claiming I was physically and sexually assaulted by Lt. Murton, and threats by A.W. Spitz. |
|---|---|---|
| Lieutenant Dennis Murton | FCC Florence | Will call to testify to the 7-18-18 incident of me claiming I was physically and sexually assaulted by Lt. Murton, and threats by A.W. Spitz. |
| Jesse Collins | FCC Florence | Will call to testify that I reported the physical and sexual assault and battery and excessive force by Lt. Murton against me on 7-18-18 at ADX-Florence and asked for emergency medical treatment due to my injuries of butthole bleeding, head, back, neck, shoulders, arms and hands being in severe pain from the 7-18-18 incident by Lt. Murton. |
| Brad Cochran | FCC Florence | Will call to testify that I reported the physical and sexual assault and battery and excessive force by Lt. Murton against me on 7-18-18 at ADX-Florence and asked for emergency medical treatment due to my injuries of butthole bleeding, head, back, neck, shoulders, arms and hands being in severe pain from the 7-18-18 incident by Lt. Murton. |
| CO Mercado | | Will call to testify that I reported the physical and sexual assault and battery and excessive force by Lt. Murton against me on 7-18-18 at ADX-Florence and asked for emergency medical treatment due to my injuries of butthole bleeding, head, back, neck, shoulders, arms and hands being in severe pain from the 7-18-18 incident by Lt. Murton. |
| CO Rhodes | | Will call to testify that I reported the physical and sexual assault and battery and excessive force by Lt. Murton against me on 7-18-18 at ADX-Florence and asked for emergency medical treatment due to my injuries of |

| | | butthole bleeding, head, back, neck, shoulders, arms and hands being in severe pain from the 7-18-18 incident by Lt. Murton. |
|---|---|---|

**b.**     **Plaintiff's May Call Lay Witnesses:**

None.

**c.**     **Defendants' Will Call Lay Witnesses:**

Defendants have previously disclosed their lay witnesses' contact information.

| Name | Statement of Testimony |
|---|---|
| Kim Millbrook | Mr. Millbrook is the plaintiff in this action and will testify regarding his claims. |
| AW Spitz | Defendant; will testify regarding Plaintiff's claims. |
| Dennis Murton | Defendant; will testify regarding Plaintiff's claims. |
| Jesse Collins | Defendant; will testify regarding Plaintiff's claims. |
| Brad Cochran | Defendant; will testify regarding Plaintiff's claims. |
| Shawn Scarbrough | Witness to the alleged assault. |
| Rachel Chamberlain | Witness to the alleged assault. |
| Stephen Hansen | Will testify regarding Plaintiff's failure to exhaust his administrative remedies as to his claims against the Individual Defendants. |

**d.**     **Defendants' May Call Lay Witnesses:**

| Name | Statement of Testimony |
|---|---|
| Adam Sapp | Lt. Sapp assumed primary responsibility for the investigation of Plaintiff's allegations pursuant to PREA. He may testify about his investigation and findings, and about BOP policies and procedures following inmate allegations of sexual assault. |

**b.**     **Expert Witnesses**

None of the parties' expert witnesses will testify by deposition.

**1.**     **Plaintiff's Will Call Expert Witnesses:**

All of Plaintiff's witnesses will be called as hostile witnesses.

| Name | Address & Phone | Statement of Testimony |
|---|---|---|

| Kristina Serby, RN | FCC Florence | Will call to testify that she interviewed me about my claims of being physically and sexually assaulted and battered and excessive force was used against me on 7-18-18 by Lt. Murton on D-unit at ADX-Florence and that I sustained the injuries of my butthole was bleeding; head; chest; back; shoulders; arms and hands were in severe pain that I need immediate medical treatment. Nurse Serby can also testify to the policy; procedure; and protocol of the PREA alert when a inmate makes a claim that he's been the victim of a sexual assault by a staff official or another inmate. |
|---|---|---|
| SIS Sapp | FCC Florence | Will call to testify that he interviewed me on the 7-18-18 incident of me being physically and sexually assaulted and battered --PAGE BREAK PAGE 3— and that excessive force was used upon me by Lt. Murton at ADX-Florence D-unit and that I was in severe pain and needed immediate medical treatment for my injuries sustained from the 7-18-18 attack by Lt. Murton like my butthole was bleeding; head; chest; neck; back; shoulders; arms; hands being in severe pain. SIS Sapp can also testify to what the Bureau of Prison PREA Policy; Procedure and protocol is when inmates at ADX-Florence report they've been victimized of a sexual assault by a staff official of another inmate. |
| PA Osagie | FCC Florence | Will call to testify that he interviewed me about the alleged physical and sexual assault and battery and use of excessive force 7-18-18 incident caused by Lt. Murton on D-unit at ADX-Florence against me and that I was in severe pain from my injuries of my butthole bleeding; head; neck; |

| | | |
|---|---|---|
| | | back; chest; shoulders; arms; and hands from the attack by Lt. Murton upon me from the 7-18-18 incident at ADX-Florence D-unit and that I needed emergency medical treatment. P.A. Osagie can also testify to the policy; procedure and protocol of the ADX-Florence and Bureau of Prisons (BOP) PREA alert system when an inmate reports to any BOP staff official that he has been victimized of an alleged sexual assault by a staff member of another inmate. |
| Dr. Oba | FCC Florence | Will testify about the 7-18-18 incident of me being physically and sexually assaulted and battered and excessive force upon me by Lt. Murton at ADX-Florence D-unit 7-18-18 incident and that I was in severe pain and that I was experiencing head; neck; back; chest; shoulders; arms; hands; and fingers pain and that I was suffering from the symptoms of post-traumatic-stress-disorder like the symptoms of insomnia; depression; anxiety; nightmares; blackouts and flashbacks and doctors Oba and doctor Justin Sterett prescribed medication for me to take for pain and symptoms of insomnia; depression; anxiety; blackouts; nightmares; flashbacks and paranoia called trazadone and 600mg Ibuprofen to take daily everyday. Doctors Oba and Sterett can also testify to ADX-Florence BOP policy, procedure and protocol for an PREA alert when an inmate reports an alleged sexual assault against him by another inmate or a staff official. The PREA stands for the "Stop Prison Elimination Act." |
| Dr. Sterrett | FCC Florence | Will testify about the 7-18-18 incident of me being physically and sexually |

| | | |
|---|---|---|
| | | assaulted and battered and excessive force upon me by Lt. Murton at ADX-Florence D-unit 7-18-18 incident and that I was in severe pain and that I was experiencing head; neck; back; chest; shoulders; arms; hands; and fingers pain and that I was suffering from the symptoms of post-traumatic-stress-disorder like the symptoms of insomnia; depression; anxiety; nightmares; blackouts and flashbacks and doctors Oba and doctor Justin Sterett prescribed medication for me to take for pain and symptoms of insomnia; depression; anxiety; blackouts; nightmares; flashbacks and paranoia called trazadone and 600mg Ibuprofen to take daily everyday. Doctors Oba and Sterett can also testify to ADX-Florence BOP policy, procedure and protocol for an PREA alert when an inmate reports an alleged sexual assault against him by another inmate or a staff official. The PREA stands for the "Stop Prison Elimination Act." |
| HSA Himlie | FCC Florence | Will call to testify that she received an emergency sick calls SIIP from me in regards to the 7-18-18 incident at ADX-Florence D-unit and nothing was done with her consent. |

**2.      Plaintiff's May Call Expert Witnesses:**

None.

**3.      Defendants' Will Call Expert Witnesses**

Defendants have previously disclosed their expert witnesses' contact information.

| Name | Statement of Testimony |
|---|---|
| Kristina Serby, R.N. | Nurse Serby will testify about her medical examination of Plaintiff immediately following the alleged assault. |

| Dr. Barton Goldman | Will testify regarding his independent medical examination of Plaintiff. |
|---|---|

## 4.   Defendants' May Call Expert Witnesses

| Name | Statement of Testimony |
|---|---|
| Dr. Garber | Dr. Garber is a psychologist.  She may testify about her treatment and observations of Plaintiff. |
| Dr. T. Peterson | Dr. Peterson is a psychologist.  She may testify about her treatment and observations of Plaintiff. |
| Dr. M. Bazan | Dr. Bazan is a psychologist.  She may testify about her treatment and observations of Plaintiff. |
| Dr. J. Erickson | Dr. Erickson is a psychologist.  She may testify about her treatment and observations of Plaintiff. |
| Dr. N. Braithwaite | Dr. Braithwaite is a psychologist.  She may testify about her treatment and observations of Plaintiff. |
| Dr. S. Mann | Dr. Mann is a psychologist.  She may testify about her treatment and observations of Plaintiff. |

## 7. EXHIBITS

**(1)    Plaintiff:**

- 08-28-2018 Letter Re: Administrative Claim for Damages

- 08-25-2018 Letter Re: Tort Claim TRT-NCR-2018-06886

- Brainline Printout re: Post Traumatic Stress Disorder

- BOP Program Statement P5324.06 dated 4-27-2005 (Sexually Abusive Behavior Prevention)

- BOP Program Statement 5566.06 dated August 29, 2014 (Use of Force)

- ADX Florence inmate orientation manual

- Complaint filed 9-10-2018

- Complaint filed 12-11-18

- Dr. Oba and Dr. Sterrett medical reports when they prescribed Plaintiff trazadone

17

*[handwritten margin note at top: "I need 7-18-18 And 7-25-18 Video Footage of Lt. Murton And A.W. Spitz while on range when he witnessed me blowing kisses at A.W. Spitz. and when I was taken out of my cell and put back in cell on 7-18-18."]*

and ibuprofen due to 7-18-18 incident

- Any exhibit identified by Defendants.

**(2)   Defendant:**

*[handwritten margin note: "I need 7-25-18 Video Footage Morning watch showing A.W. Spitz Making rounds when she Made threats to Me." (see back →)]*

- Agenda for July 2018 Monitoring Visit, USA 000001-3.

- Plaintiff's Form SF-95 dated July 19, 2018, USA 000004-7.

- PREA Report dated July 20, 2018, USA 000008-53.

- Plaintiff's BOP electronic medical record, USA 000882-002918.

- Plaintiff's mental health treatment and observation records from January 1, 2018, through October 17, 2019, USA 000592-640.

- Plaintiff's mental health treatment and observation records from October 18, 2019, through February 12, 2020, USA 000934-938.

- Any exhibit identified by Plaintiff.

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

1.   <u>Remaining claims for trial.</u>

This action is the consolidation of two actions by Plaintiff.  *See Millbrook v. Spitz*, No. 1:18-cv-01962-RM-MDB (D. Colo.) ("the 1962 action"); *Millbrook v. United States*,

18

I've Just received your response on Lt. Murton and A.W. Spitz to My Allegations in My lawsuit Sent in the Proposed Final Pre-trial or Dated 8-24-2020 stating Me blowing A Kiss at A.W. Spitz and Lt. Murton witnessed it And A.W. Spitz saying she was not Present when Lt. Murton and the Four unknown staff extracted Me From My cell on 7-18-18.

And A.W. Spitz stating she was not on 12-range on 7-25-18 Making threats to Me. I want that Video Footage of Morning watch between the hours of 7 AM to 12 noon Showing A.W. Spitz Made rounds that day.

No. 1:18-cv-02667-RM-KMT (D. Colo.) ("the 2667 action").  Plaintiff's remaining claims derive from complaints in both cases.

Three claims remain for trial:  (1) Eighth Amendment excessive force claims against Defendants Murton and Spitz for injunctive relief; (2) First Amendment retaliation claims against Defendants Spitz, Collins, and Cochran for injunctive relief; and (3) FTCA claims for assault, battery, and negligence against the United States. I ᴠᴏ1ꜱaɢᴀʀᴇᴄ

First, Plaintiff's remaining First Amendment and Eighth Amendment claims for injunctive relief arise from Plaintiff's Amended Complaint in the 1962 action.  *See* ECF No. 16. Reviewing Plaintiff's Amended Complaint in the 1962 action pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court permitted two claims from Plaintiff's Amended Complaint to go forward:  "(1) the Eighth Amendment excessive force claims asserted against Defendant Murton and Defendant Spitz; and (2) the [First Amendment] unconstitutional retaliation claims asserted against Defendants Spitz, Collins and Cochran."  ECF No. 17 at 12.  Defendants moved to dismiss and for summary judgment on those remaining constitutional claims, *see* ECF No. 53, and the Court ruled that Plaintiff could "proceed against the defendants on Plaintiff's First Amendment and Eighth Amendment claims seeking injunctive relief only," *see* ECF No. 64 at 30-31 (Report and Recommendation); *see also* ECF No. 72 (Order adopting Recommendation).

Second, Plaintiff's remaining FTCA claims against the United States arise from Plaintiff's Amended Complaint in the 2667 action (now consolidated).  *See Millbrook v. United States*, No. 1:18-cv-02667-RM-KMT (D. Colo.), ECF No. 9.  Defendant United States did not move to dismiss or move for summary judgment on Plaintiff's FTCA claims.  *See* ECF No. 64 at

3 n.2. Instead, Defendant United States answered Plaintiff's Amended Complaint. *See* ECF No. 54. As a result, Plaintiff still has FTCA claims against the United States for trial.

Plaintiff now asserts that he has a surviving *Bivens* claim against Defendant Spitz for failure to protect. *See* ECF No. 16 at 7 ¶ 7.

Defendants oppose including a *Bivens* claim for failure to protect in this case at this late juncture. The Court, which has ruled twice on Plaintiff's claims against the Individual *I Disagree* Defendants, has never construed a failure to protect claim. *See* ECF No. ECF No. 17 at 12 (permitting *Bivens* claims only for excessive force and retaliation); ECF No. 64 at 30-31 (Report and Recommendation, recommending dismissal of *Bivens* claims); ECF No. 72 (Order adopting Recommendation). Plaintiff filed Objections to the Report and Recommendation, but did not make reference to any claim for failure to protect. *See* ECF No. 67.

Throughout the course of discovery, Defendants relied on the Court's orders to define the scope of Plaintiff's claim. The first time Plaintiff asserted that he had a surviving *Bivens* claim *I Disagree* for failure to protect was at the August 30, 2022, Pretrial Conference—two years after the close *since* of discovery. *See* ECF No. 125 (setting discovery deadline of September 20, 2020). Any such claim is therefore subject to dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(a). Additionally, recent Supreme Court precedent establishes that there is no *Bivens* remedy for failure to protect. *See Egbert v. Boule*, 142 S. Ct. 1793 (2022).

If the Court allows Plaintiff's putative failure to protect claim to go forward, Defendants request the opportunity to brief a motion to dismiss. *I Disagree*

2.    <u>Right to trial by jury</u>.

Plaintiff demands a jury trial on all issues so triable, and asks for an advisory jury on his FTCA claims.

Defendants contend that Plaintiff is not entitled to a jury trial on his remaining claims. No jury trial right exists for claims seeking only injunctive relief. *See Manning v. United States*, 146 F.3d 808, 811-12 (10th Cir. 1998) ("Actions at law entitle the parties to a jury, but equitable cases do not."); *Davis v. Fed. Bureau of Prisons*, No. 15-cv-0884-WJM-MJW, 2017 WL 6335624, at *3 (D. Colo. Dec. 12, 2017) ("Plaintiff's sole remaining ... claim is indeed a claim only for injunctive relief," and so "Plaintiff is not entitled to a jury trial."); *Owner-Operator Indep. Driver Ass'n, Inc. v. USIS Com. Servs., Inc.*, No. 04-cv-01384-REB-CBS, 2006 WL 2336901, at *2 (D. Colo. July 28, 2006) ("[T]he issue of injunctive relief is an issue for the court, and not the jury."). I Disagree

Similarly, claims against the United States pursuant to the FTCA "shall be tried by the court without a jury. 28 U.S.C. § 2402; *see also Buhl v. United States*, 117 F. App'x 39, 42 n.1 (10th Cir. 2004) ("[Plaintiff] is not entitled to a jury trial under the FTCA."); *Mccullon v. Parry*, No. 18-cv-00649-NYW, 2021 WL 877718, at *8 (holding that "a jury trial" is not "available I under the FTCA"). With respect to Plaintiff's putative *Bivens* claim for failure to protect, Disa-Defendants acknowledge that this claim is triable by jury. However, as set forth above, Gree Defendants do not believe this claim is properly before the Court. see back ←2

## 10. SETTLEMENT

a.      Counsel for the parties and any *pro se* party met by telephone on
        August 22, 2022, to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference included Plaintiff (*pro se*) and

See Wright v. United States, 80 F.R.D. 478; 1978 U.S. Dist. Lexis 14170; 26 Fed. R. Serv. 2d (Callaghan) 692 "Advisory Jury granted in FTCA" see FRCP 39(c)

See Moyer v. Martin Marietta Corp., 481 F.2d 585; 1973 U.S. App. Lexis 9352 "Advisory Jury granted in FTCA" see FRCP 39(c)

counsel for Defendants.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is no possibility of settlement.

f.      Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

It is estimated that this case will take 3-4 days to try in Denver, Colorado.  Plaintiff demands a jury trial on any claims so triable.  Defendants contend that this matter must be tried

to the Court.

DATED this 14th day of November, 2022.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:


s/ _____
**_Kim Millbrook_**
(Reg. No. 13700-026)
USP Florence ADMAX
U.S. Penitentiary
PO BOX 8500
Florence, CO 81226
Plaintiff, *pro se*

United States Attorney
COLE FINEGAN

s/ Katherine A. Ross
**_Katherine A. Ross_**
Nicholas A. Deuschle
Assistant United States Attorneys
1801 California Street
Denver, CO 80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0411
Email: katherine.ross@usdoj.gov
nick.deuschle@usdoj.gov
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2022, I caused the foregoing **FINAL PRETRIAL ORDER** to be sent by U.S. Mail to the following non-CM/ECF participant:

Inmate Kim Millbrook (Reg. No. 13700-026)
USP Florence ADMAX
U.S. Penitentiary
PO BOX 8500
Florence, CO 81226
Plaintiff, *pro se*

*s/ Heather Johnson*
United States Attorney's Office

6