IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01962-RM-NRN

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities,

    Defendants.

---

**ORDER**

---

This action brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 203), seeking relief pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). Defendants filed a Response to the Motion (ECF No. 205), but Plaintiff did not file a Reply. The Motion is denied for the reasons below.

Plaintiff is a federal prisoner who proceeds pro se in this matter.[1] His case is set for a

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

four-day jury trial beginning August 28, 2023, on claims that Defendants Murton and Spitz used excessive force against him in violation of the Eighth Amendment and that Defendants Sptiz, Collins, and Cochran retaliated against him in violation of the First Amendment.  Plaintiff also brings a related FTCA claim against Defendant United States of America.

In his Motion, Plaintiff asserts he also has an additional *Bivens* claim against Defendant Spitz for failure to protect in violation of the Eighth Amendment.  (*See* ECF No. 203 at 3.) However, in this case that began in 2018—and as noted in the Courtroom Minutes from November 14, 2022—no judge has thus far construed Plaintiff's pleadings as asserting such a claim.  (*See* ECF No. 197 at 1.)

To the extent Plaintiff now seeks review of the Court's September 28, 2018, Order to Dismiss in Part (with Leave to Amend in Part) and to Draw Case (ECF No. 17), that is not a final order for purposes of Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).  Accordingly, neither of these rules provides a basis for relief.

To the extent Plaintiff relies on the Court's broad discretion to reconsider interlocutory orders, *see Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007), the Court is not persuaded that exercise of such discretion is appropriate here, where Plaintiff has waited years to raise this issue and the case has proceeded through discovery on Plaintiff's other claims and is now on the eve of trial.

Moreover, the Court finds the allegations in the Amended Complaint Plaintiff cites are insufficient to state a claim for failure to protect.  The single paragraph in the Amended Complaint Plaintiff cites in support his claim does not allege any harm that he suffered. (*See* ECF No. 16, ¶ 17.)

And even if his allegations were sufficient, Plaintiff has not shown that the claim he seeks to assert has a *Bivens* remedy. The United States Supreme Court "has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quotation omitted). Courts in this district have rejected the expansion of *Bivens* to include Eighth Amendment claims in similar contexts based on failure to protect, *Ajaj v. United States*, No. 15-cv-02849-RM-KLM, 2020 WL 5758521, at *9-10 (D. Colo. Sept. 28, 2020), and failure to intervene, *Abdo v. Balsick*, No. 18-cv-01622-KMT, 2019 WL 6726230, at *6 (D. Colo. Dec. 11, 2019) (unpublished).

Therefore, the Court DENIES Plaintiff's Motion for Reconsideration (ECF No. 203).

DATED this 10th day of February, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge