IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01962-RM-MDB

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer,

    Defendants.

## DEFENDANTS' MOTION TO CONVERT JURY TRIAL TO BENCH TRIAL

Pursuant to Federal Rule of Civil Procedure 39(a)(2), Defendants Spitz, Murton, Collins, and Cochran (the "Individual Defendants"), together with Defendant the United States of America, move to convert the upcoming jury trial to a bench trial. Earlier in the case, the Court ordered a jury trial, set to begin on August 28, 2023, but since then, the Court confirmed that Plaintiff's *Bivens* claims have been dismissed. *See* ECF No. 214. For Plaintiff's remaining claims—his constitutional claims for injunctive relief and his Federal Tort Claims Act (FTCA) claims—Congress has not enacted a waiver of sovereign immunity that permits a jury trial. Therefore, this Court should convert the upcoming jury trial to a bench trial.[1]

---

[1] Because Plaintiff is an unrepresented prisoner, undersigned counsel did not confer with Plaintiff regarding this Motion. *See* D.C.COLO.LCivR 7.1(b)(1).

1

## BACKGROUND

This action consolidated two actions by Plaintiff: (1) *Millbrook v. Spitz*, No. 1:18-cv-01962-RM-MDB (D. Colo.) ("the 1962 action"); and (2) *Millbrook v. United States*, No. 1:18-cv-02667-RM-KMT (D. Colo.) ("the 2667 action"). On January 9, 2023, the Court ordered a four-day jury trial beginning August 28, 2023, on Plaintiff's claims. *See* ECF No. 213.

Plaintiff has three sets of claims remaining for trial.

He has claims for injunctive relief, on two constitutional grounds. His Amended Complaint in the 1962 action raised "(1) the Eighth Amendment excessive force claims asserted against Defendant Murton and Defendant Spitz; and (2) the [First Amendment] unconstitutional retaliation claims asserted against Defendants Spitz, Collins and Cochran." ECF No. 17 at 12 (the Court's 2018 screening order). In early 2019, Defendants moved to dismiss and for summary judgment on Plaintiff's claims. *See* ECF Nos. 33, 53. Upon review of Defendants' Motion to Dismiss and Motion for Summary Judgment, the Magistrate Judge recommended that Plaintiff's First Amendment and Eighth Amendment claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), be dismissed. *See* ECF No. 64 at 18-24, 30. The Magistrate Judge, however, recommended that Plaintiff be allowed to "proceed against the [individual] defendants on Plaintiff's First Amendment and Eighth Amendment claims seeking injunctive relief only." *Id.* at 30-31. The Court adopted the Recommendation, dismissing Plaintiff's *Bivens* claims but holding "that Plaintiff may pursue injunctive relief on his First and Eighth Amendment claims." ECF No. 72 at 7-8. Plaintiff thus has remaining First Amendment and Eighth Amendment claims for injunctive relief for trial.

2

Plaintiff also has FTCA claims for damages, which arise from the 2667 action. *See Millbrook v. United States*, No. 1:18-cv-02667-RM-KMT (D. Colo.), ECF No. 9. His Amended Complaint brings FTCA claims for assault, battery, and negligence against the United States. *See id.* Defendant United States did not move to dismiss or move for summary judgment on Plaintiff's FTCA claims. *See* ECF No. 64 at 3 n.2. As a result, Plaintiff still has remaining FTCA claims for assault, battery, and negligence against Defendant United States for trial.

In sum, Plaintiff has three sets of claims that remain for trial: (1) claims for injunctive relief against Defendants Murton and Smith, based on their alleged use of excessive force against him in violation of the Eighth Amendment; (2) claims for injunctive relief against Defendants Spitz, Collins, and Cochran, based on their alleged retaliation against him in violation of the First Amendment; and (3) FTCA claims seeking damages from the United States based on alleged assault, battery, and negligence. This Court has recently confirmed that those are the remaining claims for trial. *See* ECF No. 214 at 1-2 (stating that Plaintiff has "claims that Defendants Murton and Spitz used excessive force against him in violation of the Eighth Amendment and that Defendants Spitz, Collins, and Cochran retaliated against him in violation of the First Amendment," and "an FTCA claim against Defendant United States of America" remaining for trial).

## LEGAL STANDARD

Federal Rule of Civil Procedure 39 states, "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action." Fed. R. Civ. 39(a). But Rule 39 continues, "The trial on all issues so demanded must be by jury unless: … the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury

3

trial." Fed. R. Civ. P. 39(a)(2). In cases litigated in federal court, the right to a jury trial is governed by federal law. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *Woodward, Inc. v. ZHRO Sols., LLC*, No. 18-cv-01468-PAB-STV, 2019 WL 1438076, at *1 (D. Colo. Mar. 31, 2019).

"Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in legislation creating the cause of action." *Lehman v. Nakshian*, 453 U.S. 156, 162 n.9 (1981). "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Id*. at 168.

## ARGUMENT

Plaintiff's remaining claims for trial are constitutional claims for injunctive relief and FTCA claims. None of those claims, however, entitle Plaintiff to a jury trial, and Defendant United States is entitled by statute to a bench trial on Plaintiff's FTCA claims. Therefore, under Rule 39(a)(2), this Court should convert the upcoming jury trial to a bench trial.

*First*, Plaintiff is not entitled to a jury trial on his remaining constitutional claims for injunctive relief. To the extent that Congress waived sovereign immunity for suits against a federal employee in an official capacity "seeking relief other than money damages," Congress did not provide for a jury trial. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (citing 5 U.S.C. § 702 as a waiver of sovereign immunity that may permit a prisoner to sue the Bureau of Prisons, or its employee in an official capacity, for injunctive relief to address an ongoing constitutional violation). Simply put, no jury trial right exists for claims

4

seeking only injunctive relief. *See Manning v. United States*, 146 F.3d 808, 811-12 (10th Cir. 1998) ("Actions at law entitle the parties to a jury, but equitable cases do not."); *Kolbe v. Endocrine Servs., P.C.*, No. 17-cv-1871-RM-SKC, 2022 WL 970004, at *1 (D. Colo. Mar. 31, 2022) (stating that "claims for … injunctive relief" were "triable only to the Court"); *Davis v. Fed. Bureau of Prisons*, No. 15-cv-0884-WJM-MJW, 2017 WL 6335624, at *3 (D. Colo. Dec. 12, 2017) ("Plaintiff's sole remaining … claim is indeed a claim only for injunctive relief," and so "Plaintiff is not entitled to a jury trial."); *Owner-Operator Indep. Driver Ass'n, Inc. v. USIS Com. Servs., Inc.,* No. 04-cv-01384-REB-CBS, 2006 WL 2336901, at *2 (D. Colo. July 28, 2006) ("[T]he issue of injunctive relief is an issue for the court, and not the jury."). As result, Plaintiff's constitutional claims only for injunctive relief should not be tried to a jury.

*Second*, Plaintiff's FTCA claims must be tried in a bench trial, without a jury. Congress has required that claims against the United States pursuant to the FTCA "shall be tried by the court without a jury." 28 U.S.C. § 2402; *see also United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961) ("There is no right to a jury trial under the [Federal] Tort Claims Act."); *Buhl v. United States*, 117 F. App'x 39, 42 n.1 (10th Cir. 2004) ("[Plaintiff] is not entitled to a jury trial under the FTCA."); *Mccullon v. Parry*, No. 18-cv-00649-NYW, 2021 WL 877718, at *8 (holding that "a jury trial" is not "available under the FTCA"); *Sawatzky v. United States*, No. 11-cv-03182-RM-GPG, 2013 WL 5303486, at *1 (D. Colo. Sept. 19, 2013) (holding bench trial on FTCA claims). Plaintiff's FTCA claims thus require a bench trial.

Accordingly, the upcoming jury trial should be converted to a bench trial under Rule 39(a)(2) because Plaintiff is not entitled to a jury trial on any of his remaining claims and his FTCA claims against Defendant United States must be tried to the Court.

## CONCLUSION

For the above reasons, the Court should convert the upcoming jury trial to a bench trial pursuant to Federal Rule of Civil Procedure 39(a)(2).

Respectfully submitted February 21, 2023.

                                        COLE FINEGAN
                                      United States Attorney

                                      s/ Nick Deuschle
                                      ***Nicholas A. Deuschle***
                                      Katherine A. Ross
                                      Assistant United States Attorneys
                                      1801 California Street
                                      Denver, CO 80202
                                      Telephone: (303) 454-0100
                                      Fax: (303) 454-0411
                                      Email: katherine.ross@usdoj.gov
                                                  nick.deuschle@usdoj.gov
                                      Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I caused the foregoing to be sent by U.S. Mail to the following non-CM/ECF participant:

Inmate Kim Millbrook (Reg. No. 13700-026)
USP Florence ADMAX
U.S. Penitentiary
PO BOX 8500
Florence, CO 81226
Plaintiff, *pro se*

*s/ Nick Deuschle*
Assistant United States Attorney