IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-01962-RM-NRN

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
SPITZ, Assistant Warden,
MURTON, Lieutenant,
COLLINS, Correctional Officer, and
COCHRAN, Correctional Officer, in their individual and official capacities,

    Defendants.

___

**ORDER**
___

    This action brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") is before the Court on Defendants' Motion to Convert Jury Trial to Bench Trial (ECF No. 215) and Plaintiff's Motion for Reconsideration (ECF No. 218). Plaintiff has not responded to Defendants' Motion, but Plaintiff's Motion has been fully briefed. (ECF Nos. 220, 221.) For the reasons below, the Court grants Defendants' Motion and denies Plaintiff's Motion.

**I.    BACKGROUND**

    Plaintiff is a federal prisoner who proceeds pro se in this consolidated action that began

in 2018.[1]  He alleges, generally, that Defendants Murton and Spitz used excessive force against him and that Defendants Spitz, Collins, and Cochran retaliated against him.  He also brings claims for assault, battery, and negligence against Defendant United States of America.  After numerous procedural developments, three sets of claims remain for trial: (1) a claim for injunctive relief under the Eighth Amendment, (2) a claim for injunctive relief under the First Amendment, and (3) a claim for damages under the FTCA.

## II.    DEFENDANTS' MOTION

When Defendants filed their Motion, the case was scheduled for a four-day jury trial to begin in August 2023.  Although that setting has been vacated, the Court construes the Motion as a request that any trial subsequently set in this matter will be to the Court.  The Court agrees with Defendants' contention that none of Plaintiff's remaining claims entitle him to a jury trial. *See* Fed. R. Civ. P. 39(a) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.").  First, his claims for injunctive relief are triable only to the Court.  *See Kolbe v. Endocrine Servs., P.C.*, No. 17-cv-1871-RM-SKC, 2022 WL 970004, at *1 (D. Colo. Mar. 31, 2020).  Second, his FTCA claims must be tried to the Court because "[t]here is no right to a jury trial under the [FTCA]." *United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961).  Thus, the Motion is granted insofar as any trial set in this matter will be to the Court rather than a jury.

---

[1] Because Plaintiff proceeds pro se, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.   PLAINTIFF'S MOTION

In his Motion, Plaintiff contends that he should be allowed to proceed to trial on three sets of Eighth Amendment claims—for failure to intervene or protect, excessive force, and deliberate indifference—under *Bivens*. As a preliminary matter, the Court notes that there is no final order in this case, so neither Fed. R. Civ. P. 59(e) nor Fed. R. Civ. P. 60(b) provides a basis for relief.

To the extent Plaintiff relies on the Court's broad discretion to reconsider interlocutory orders, *see Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007), the Court has already concluded that Plaintiff cannot assert a claim for failure to protect at this stage of the case. (*See* ECF No. 214 at 2-3.) The Court stands by its previous analysis of this issue.

Plaintiff's claims for excessive force and were previously dismissed in September 2019 for lack of a *Bivens* remedy. (*See* ECF No. 72.) The Court declines to revisit that issue at this late stage of the case. Moreover, Plaintiff's citation to *Smith v. Trujillo*, No. 20-cv-00877-RBJ-NYW, 2021 WL 1799400, at *7 (D. Colo. Mar. 26, 2021), in which a court in this District concluded that an implied right arising under the Eighth Amendment for excessive force claims is appropriate under *Bivens*, is unavailing because that case is not binding on this Court. *See also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (stating that expanding *Bivens* is no longer merely disfavored but "impermissible in virtually all circumstances").

Plaintiff's claims for deliberate indifference were previously dismissed in September 2018 pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 17.) Plaintiff offers no explanation as to why he waited over four years to seek reconsideration, and again the Court declines to revisit issues that have long since been resolved in this case. Nor does he address Defendants'

3

contention that such a claim would lack a *Bivens* remedy.

Accordingly, the Court finds Plaintiff's latest Motion for Reconsideration lacks merit.

## IV. CONCLUSION

For the reasons stated, the Motion to Convert (ECF No. 215) is GRANTED, and the Motion for Reconsideration (ECF No. 218) is DENIED.

DATED this 19th day of July, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge