IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01962-RM-MDB

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

**DEFENDANT'S SECOND MOTION TO CONVERT JURY TRIAL TO BENCH TRIAL**

Pursuant to Federal Rule of Civil Procedure 39(a)(2), Defendant United States of America moves to convert the upcoming jury trial to a bench trial.[1]

This Court has already determined that a bench trial is appropriate in this action. The Court previously set this case for an August 2023 jury trial. *See* ECF No. 213. Defendant, along with certain individual defendants, moved to convert the trial to a bench trial, explaining that none of Plaintiff's claims were triable to a jury. *See* ECF No. 215. In July 2023, the Court granted that motion, converting the trial to a bench trial. *See* ECF No. 235.

In March 2024, the trial in this action was moved to March 2025. *See* ECF No. 244. When the trial was moved to March 2025, though, it was re-set as a jury trial. *See id*.

The March 2025 trial should be converted to a bench trial. Plaintiff's remaining claims for the March 2025 trial are under the Federal Tort Claims Act (FTCA). *See* ECF No. 251. As

---

[1] Counsel for the United States conferred with counsel for Plaintiff via videoconference and telephone prior to filing this Motion, and counsel for Plaintiff indicated that Plaintiff opposes the Motion. *See* D.C.COLO.LCivR 7.1(a).

1

the Court previously held, however, "FTCA claims must be tried to the Court because '[t]here is no right to a jury trial under the [FTCA].'" ECF No. 235 at 2 (alterations in original) (quoting *United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961)). Therefore, as before in this action, this Court should convert the upcoming trial in March 2025 to a bench trial.

## BACKGROUND

This action is a consolidation of two actions by Plaintiff: (1) *Millbrook v. Spitz*, No. 1:18-cv-01962-RM-MDB (D. Colo.) ("the 1962 action"); and (2) *Millbrook v. United States*, No. 1:18-cv-02667-RM-KMT (D. Colo.) ("the 2667 action").

On January 9, 2023, the Court ordered a four-day jury trial on Plaintiff's claims beginning August 28, 2023. *See* ECF No. 213. On February 21, 2023, Defendant, along with several individual defendants, filed a motion to convert the scheduled jury trial to a bench trial. *See* ECF No. 215. The claims pending for trial at that time were injunctive relief claims against several individuals and FTCA claims against the United States. *See id.*

On July 19, 2023, the Court converted the jury trial to a bench trial. *See* ECF No. 235. The Court reasoned that "none of Plaintiff's remaining claims entitle him to a jury trial." *Id.* at 2. More specifically, the Court held: (1) Plaintiff's "claims for injunctive relief are triable only to the Court"; and (2) Plaintiff's "FTCA claims must be tried to the Court because '[t]here is no right to a jury trial under the [FTCA].'" *Id.* (alterations in original) (quoting *United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961)). Therefore, the Court stated, "[A]ny trial set in this matter will be to the Court rather than a jury." *Id.*

On March 28, 2024, the Court rescheduled the trial to begin March 3, 2025. *See* ECF No. 244. The rescheduled trial, however, was again set as a jury trial. *See id.*

2

Now, though, Plaintiff has only FTCA claims against Defendant United States remaining for the trial in March 2025. On November 21, 2024, Plaintiff dismissed his injunctive relief claims, resulting in the remaining individual defendants being dismissed from the action. *See* ECF No. 251.[2] Plaintiff's remaining claims are FTCA claims for assault, battery, and negligence against the United States. *See Millbrook v. United States*, No. 1:18-cv-02667-RM-KMT (D. Colo.), ECF No. 9. In sum, Plaintiff has only FTCA claims that remain for trial in March 2025: FTCA claims seeking damages from the United States based on alleged assault, battery, and negligence. *See* ECF No. 235 at 2 (confirming that Plaintiff has FTCA "claims for assault, battery, and negligence against Defendant United States of America").

## LEGAL STANDARD

Federal Rule of Civil Procedure 39 states, "When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action." Fed. R. Civ. 39(a). But Rule 39 continues, "The trial on all issues so demanded must be by jury unless: … the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). In cases litigated in federal court, the right to a jury trial is governed by federal law. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *Woodward, Inc. v. ZHRO Sols., LLC*, No. 18-cv-01468-PAB-STV, 2019 WL 1438076, at *1 (D. Colo. Mar. 31, 2019).

---

[2] The parties' stipulation of dismissal of the individual defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is "self-effectuating." *Bloomquist v. Utah*, No. 24-4022, 2024 WL 3948213, at *2 (10th Cir. Mar. 29, 2024).

"Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in legislation creating the cause of action." *Lehman v. Nakshian*, 453 U.S. 156, 162 n.9 (1981). "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Id.* at 168.

## ARGUMENT

Plaintiff's remaining claims for trial are FTCA claims. None of those claims, however, entitle Plaintiff to a jury trial; instead, Plaintiff's FTCA claims against Defendant United States must be tried to the Court. Therefore, under Rule 39(a)(2) and as previously determined in this action, this Court should convert the upcoming trial to a bench trial.

**I.     The FTCA requires that Plaintiff's claims be tried to the Court.**

Plaintiff's FTCA claims must be tried in a bench trial, without a jury. Congress has required that claims against the United States pursuant to the FTCA "be tried by the court without a jury." 28 U.S.C. § 2402. Indeed, this Court previously concluded that "FTCA claims must be tried to the Court because '[t]here is no right to a jury trial under the [FTCA].'" ECF No. 235 at 2 (alterations in original) (quoting *United States v. Neustadt*, 366 U.S. 696, 701 n.10 (1961)); *see also Neustadt*, 366 U.S. at 701 n.10 ("There is no right to a jury trial under the [Federal] Tort Claims Act."). Courts in the Tenth Circuit have repeatedly reached the same conclusion. *See Buhl v. United States*, 117 F. App'x 39, 42 n.1 (10th Cir. 2004) ("[Plaintiff] is not entitled to a jury trial under the FTCA."); *Mccullon v. Parry*, No. 18-cv-00469-NYW, 2021 WL 877718, at *8 (D. Colo. Mar. 9, 2021) (holding that "a jury trial" is not "available under the

4

FTCA"); *see also Sawatzky v. United States*, No. 11-cv-03182-RM-GPG, 2013 WL 5303486, at *1 (D. Colo. Sept. 19, 2013) (holding bench trial on FTCA claims).  Plaintiff's remaining FTCA claims in this action thus require a bench trial.

II.     **The law of the case doctrine further requires that Plaintiff's remaining FTCA claims be tried to the Court.**

"The law of the case doctrine provides, when a court rules on an issue of law, the ruling should continue to govern the same issues in subsequent stages in the same case." *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1256 (10th Cir. 2016) (internal quotation marks omitted).  The doctrine "applies to all issues previously decided, either explicitly or by necessary implication." *Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1288 (10th Cir. 2024) (quoting *Vehicle Mkt. Rsch.*, 839 F.3d at 1256).  "The underlying principle is that once an issue has been resolved in a judicial proceeding, it ordinarily should not be reexamined by the court." *Harris v. City Cycle Sales, Inc.*, 112 F.4th 1272, 1278 (10th Cir. 2024).

Here, the law of the case doctrine plainly precludes reconsideration of the Court's determination that a bench trial is required.  *See U.S. Sec. & Exch. Comm'n v. Mediatrix Cap. Inc.*, No. 19-cv-02594-RM-SKC, 2023 WL 7003540, at *2 (D. Colo. Oct. 24, 2023) (applying law of the case doctrine to issues previously resolved).  In July 2023, the Court expressly determined that Plaintiff's FTCA claims, along with then-existing injunctive relief claims, should be tried to the Court.  *See* ECF No. 235 at 2 ("[A]ny trial set in this matter will be to the Court rather than a jury.").  As before, this Motion requests that the Court convert the rescheduled March 2025 trial on Plaintiff's FTCA claims to a bench trial.  Because that issue has already been litigated and decided, the law of the case doctrine provides that the Court's July

2023 Order (ECF No. 235) controls and that the Court should again convert the upcoming March 2025 trial to a bench trial.

## CONCLUSION

For the above reasons, the Court should convert the upcoming jury trial to a bench trial pursuant to Federal Rule of Civil Procedure 39(a)(2) because Plaintiff's FTCA claims against Defendant United States must be tried to the Court.

Respectfully submitted November 25, 2024.

        MATTHEW T. KIRSCH
        Acting United States Attorney

        s/ Nicholas A. Deuschle
        ***Nicholas A. Deuschle***
        Katherine A. Ross
        Assistant United States Attorneys
        1801 California Street
        Denver, CO 80202
        Telephone: (303) 454-0100
        Fax: (303) 454-0411
        Email: katherine.ross@usdoj.gov
                nick.deuschle@usdoj.gov
        Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following individuals:

Kimberley Cy. Motley
Motley Legal Services
P.O. Box 1433
Matthews, NC 28106
Email:Kmotley@motleylegal.com

Cheyenne A.E. Moore
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Email:Cheyenne.Moore@nelsonmullins.com

Attorneys for Plaintiff

s/ Nicholas A. Deuschle
***Nicholas A. Deuschle***
Assistant United States Attorney