IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-01962-GPG-MDB

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

___

**REVISED FINAL PRETRIAL ORDER**
___

**1. DATE AND APPEARANCES**

A telephonic final pretrial conference was held by videoconference on March 28, 2025, at 8:00 a.m. before Judge Gordon P. Gallagher. Kimberley Cy. Motley of Motley Legal Services, PO Box 1433, Matthews, North Carolina, 28106, and Cheyenne A.E. Moore of Nelson Mullins Riley & Scarborough LLP, 1400 Wewatta Street, Suite 500, Denver, Colorado 80202, appeared on behalf of Plaintiff. Katherine A. Ross and Nicholas A. Deuschle of the United States Attorney's Office, 1801 California Street, Suite 1600, Denver, CO, 80202, appeared on behalf of Defendant.[1]

**2. JURISDICTION**

Jurisdiction over Plaintiff's claims for relief against the United States is proper in this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1). Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) since all events relevant to the claims set forth in the operative

---

[1] Since the last final pretrial order was issued on November 14, 2022 [ECF 198], a Joint Stipulation of Dismissal in Part was filed regarding the individual defendants named in this action [ECF 251]. The presiding court terminated the individual defendants per the Stipulation [ECF 253], resulting in only the United States of America remaining as a defendant.

1

Complaint occurred within the state of Colorado.

### 3. CLAIMS AND DEFENSES

**Plaintiff:** On July 18, 2018, Plaintiff Kim Millbrook ("Mr. Millbrook") alleges that he had a conversation with Associate Warden Catherine Spitz ("Spitz") at the United States Penitentiary Florence ADMAX facility in which Mr. Millbrook told her he had an "agape love" for her, which means a "godly love." Spitz misunderstood what Mr. Millbrook said and told him she was going to teach him a lesson about talking to her in that way. Spitz informed Lieutenant Dennis Murton ("Murton") what Mr. Millbrook said and asked him to teach Mr. Millbrook a lesson about messing with her or any female staff at ADMAX. As a result, Murton and four other correctional officers went to Mr. Millbrook's cell, cuffed Mr. Millbrook, and removed Mr. Millbrook from his cell. When Mr. Millbrook complained to Murton and Spitz that the handcuffs were too tight, Murton responded, "good maybe you will learn to keep your mouth shut," and Spitz refused to have the handcuffs loosened. Plaintiff was held in a holding cell with the tight cuffs for over a half hour while his cell was searched. Nothing of concern was recovered.

Murton and the other four officers were escorting Mr. Millbrook back to his cell when Murton began pulling on the overly tight handcuffs, causing more severe pain. Once back in his cell area, Murton slammed Mr. Millbrook's head and right shoulder into the steel bars and pulled on the overly tight handcuffs, trying to break Mr. Millbrook's arms. When Mr. Millbrook's cell gate closed, Murton reached inside the cell with his free hand (as he was still holding the handcuffs around Mr. Millbrook's wrists with his other hand), shoved it down the back of Mr. Millbrook's shorts, and stuck his finger into Mr. Millbrook's anus for several seconds. Murton then removed the handcuffs and left with the other officers. Mr. Millbrook immediately complained to Murton and the other officers present that Murton sexually and physically assaulted him while the other officers did nothing. Mr. Millbrook pushed the emergency call button in his cell to report the assault. ADMAX

2

staff did not take a report at that time.

Mr. Millbrook later reported the assault to officers Jesse Collins and Brad Cochran, and Mr. Millbrook requested immediate medical attention. Officers Collins and Cochran told Mr. Millbrook they were not present for the assault and refused Mr. Millbrook's request for medical attention. Mr. Millbrook told officers Collins and Cochran that he would file a grievance against them to which officer Collins responded by threatening to "kick [Mr. Millbrook's] ass" and spray him with mace; officer Cochran agreed. In the evening of July 18, Mr. Millbrook again reported the assault this time to officers Garcia and Rhodes, resulting in Mr. Millbrook receiving some medical attention and PREA reporting.

On July 25, Spitz, Associate Warden Christensen, and others stopped at Mr. Millbrook's cell at which time Mr. Millbrook informed Spitz that he intended to file grievances and a lawsuit against Spitz, Murton, and the other officers present for the assault. Spitz responded that she was going to have Mr. Millbrook "set up [] to be killed" and to "watch [his] back." Christensen confirmed Spitz' comments, stating that Mr. Millbrook could count on something bad happening to him.

Mr. Millbrook brings claims for assault, battery, and negligence seeking money damages against the United States pursuant to the FTCA. Wherefore, Mr. Millbrook respectfully prays that this honorable court enter judgment granting Plaintiff compensatory damages in the amount of $6 million against Defendant The United States of America for the actions of Spitz, Murton, Collins, Cochran, Christensen, and other officers identified in the operative Complaint.

**Defendant:** The United States denies Plaintiff's allegations that any assault or use of excessive force occurred. On July 18, 2018, while she was conducting weekly rounds, Associate Warden ("AW") Spitz spoke with Plaintiff when he stopped her at his cell and thanked her for helping him resolve a past dental treatment issue. He then raised some concerns. While he was talking, he stopped and silently mouthed the words, "I love you," and made a kissing gesture. AW

3

Spitz asked him what he said, and he again mouthed the words, "I love you," and blew kisses. She told him that his behavior was inappropriate and walked away. She did not tell Plaintiff to "shut your mouth," or any other words to that effect.

Lieutenant Murton observed AW Spitz speaking with Plaintiff, saw him blow a kiss towards her, heard her tell Plaintiff that his conduct was inappropriate, and saw her walk away. He briefly spoke with her to confirm what had happened, then asked other staff—including Correctional Officers Collins and Cochran—to assist him in searching Plaintiff's cell for contraband. AW Spitz did not ask or instruct him Lieutenant Murton do so.

Lieutenant Murton then instructed Plaintiff to "cuff up," which he did. (AW Spitz was not present.) Lieutenant Murton and the other staff escorted Plaintiff to a holding cell; searched and inventoried his cell; then escorted Plaintiff back to his cell. Lieutenant Murton entered the sallyport to Plaintiff's cell, returned Plaintiff to the cell, and removed the restraints. The other staff members waited nearby. During this process, Plaintiff stated, "I am going to file a lawsuit against you, and I am real good at filing lawsuits." As Lieutenant Murton was leaving, Plaintiff said words to the effect of, "You stuck a finger up my butt."

No such assault occurred. Nevertheless, in compliance with the Prison Rape Elimination Act ("PREA") and BOP policy, Plaintiff was immediately medially evaluated, and an investigation was conducted the same day. The medical examination of Plaintiff noted no significant findings and no apparent distress, with no visible marks on Plaintiff's wrists or anywhere else on his body. Three witnesses provided written statements affirming that Lieutenant Murton did nothing inappropriate.

Defendant also denies that any retaliation occurred. Neither Collins nor Cochran has any recollection of Plaintiff telling them he would file a grievance against them. Collins did not threaten to harm him, and Cochran did not threaten to spray him with mace. Nor did AW Spitz threat Plaintiff. On July 25, 2018, the day that Plaintiff claim she did, AW Spitz was occupied with other

4

duties, and did not interact with Plaintiff at all.

## 4. STIPULATIONS

Plaintiff has exhausted his administrative remedies with respect to his FTCA claims.

## 5. PENDING MOTIONS

None at this time.

## 6. WITNESSES

a.  Non-Expert Witnesses to be called by each party:[2]

(1) Witnesses who will be present at trial;

| Name | By Party | Statement of Testimony |
| --- | --- | --- |
| Kim Millbrook | Both Parties | Plaintiff will testify regarding his claims. |
| AW Catherine Spitz | Defendant | Will testify regarding Plaintiff's claims. |
| Dennis Murton | Defendant | Will testify regarding Plaintiff's claims. |
| Jesse Collins | Defendant | Will testify regarding Plaintiff's claims. |
| Brad Cochran | Defendant | Will testify regarding Plaintiff's claims. |
| Shawn Scarborough | Defendant | Witness to the alleged assault. |
| Rachel Chamberlain | Defendant | Witness to the alleged assault. |
| Adam Sapp | Both Parties | Will testify regarding Plaintiff's claims and his PREA investigation. |

(2) Witnesses who may be present at trial if the need arises:

| Name | By Party | Statement of Testimony |
| --- | --- | --- |
| AW Catherine Spitz | Plaintiff | May testify regarding Plaintiff's claims. |
| Dennis Murton | Plaintiff | May testify regarding Plaintiff's claims. |
| Jesse Collins | Plaintiff | May testify regarding Plaintiff's claims. |
| Brad Cochran | Plaintiff | May testify regarding Plaintiff's claims. |
| Shawn Scarborough | Plaintiff | Witness to the alleged assault. |
| Rachel Chamberlain | Plaintiff | Witness to the alleged assault. |
| Kristina Serby, RN | Defendant | May testify regarding Plaintiff's claims and her medical examination of Plaintiff immediately following the alleged assault. |
| Dr. T. Peterson | Defendant | Dr. Peterson is a psychologist. She may testify about the contents of Plaintiff's BOP psychiatric records. |
| Dr. M. Bazan | Defendant | Dr. Bazan is a psychologist. She may testify about the contents of Plaintiff's BOP |

---

[2] Contact information for lay witnesses has previously been disclosed.

4907-1085-0836 v.5

| | | |
|---|---|---|
| | | psychiatric records. |
| Dr. J. Erickson | Defendant | Dr. Erickson is a psychologist. She may testify about the contents of Plaintiff's BOP psychiatric records. |
| Dr. N. Braithwaite | Defendant | Dr. Braithwaite is a psychologist. She may testify about the contents of Plaintiff's BOP psychiatric records. |
| Dr. S. Mann | Defendant | Dr. Mann is a psychologist. She may testify about the contents of Plaintiff's BOP psychiatric records. |

    (3)    None of the parties' witnesses will testify by deposition.

b.    Expert Witnesses to be called by each party:

    (1)    Expert witnesses who will be present at trial:

| Name | By Party | Statement of Testimony |
|---|---|---|
| Dr. Barton Goldman | Defendant | Will testify regarding his independent medical examination of Plaintiff, including his review of Plaintiff's medical records. |

    (2)    Expert witnesses who may be present at trial;

| Name | By Party | Statement of Testimony |
|---|---|---|
| Dr. Oba | Defendant | Dr. Oba may testify, based on his role as treating physician and Plaintiff's medical records, as to Plaintiff's medical history and its inconsistency with Plaintiff's allegations. |
| Dr. Garber | Defendant | Dr. Garber is a psychologist. She may testify about her treatment and observations of Plaintiff in the time since the alleged incident. |

    (3)    There are no expert witnesses where testimony is expected to be presented by means of a deposition.

## 7. EXHIBITS

a.    The following exhibits are to be offered by each party:

    (1)    Plaintiff:

| Exhibit Description | Bates Label | Stipulated |
|---|---|---|
| Plaintiff's SF-95 | USA000004-7 | X |
| PREA Investigation Report | USA000008-53 | X |

6

| Exhibit Description | Bates Label | Stipulated |
|---|---|---|
| BOP Program Statement No. 5324.12 | USA000775-836 | X |
| Defendants' written discovery responses, initial disclosures, and any supplements thereto | | |
| Any document for rebuttal or impeachment purposes | | |
| Any document needed to establish foundation | | |
| Any exhibit identified by Defendant | | |
| Demonstrative Exhibits | | |

(2) Defendant:

| Exhibit Description | Bates Label | Stipulated |
|---|---|---|
| Agenda for July 2018 Monitoring Visit | USA 000001-3 | |
| Plaintiff's Form SF-95 dated July 19, 2018 | USA 000004-7 | X |
| PREA Report dated July 20, 2018 | USA 000008-53 | X |
| Plaintiff's BOP electronic medical record | USA 000882-002918; USA 003039-0003090; USA 003131-3592; USA 004228-4243 | |
| Plaintiff's BOP mental health treatment and observation records | USA 000592-640; USA 000881; USA 000934-938; USA 003091-003130; USA 003593-3728; USA 004228-4243 | |
| Goldman Consent & Questionnaire | Bates USA 003032-003038 | |
| Email to Dr. Goldman with cell schematic & photo | Bates USA 004244 | |
| Sexual Abuse Prevention policy | Bates USA 000775-000836 | X |
| Central File | Bates USA 003096-4227 | |
| Plaintiff's written discovery responses | | |
| Plaintiff's initial disclosures and supplements thereto | | |
| Any document for rebuttal or impeachment purposes | | |
| Any document needed to establish foundation | | |
| Any exhibit identified by Plaintiff | | |
| Demonstrative Exhibits | | |

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be

7

filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

### 8. DISCOVERY

Discovery has closed, but the parties continue to supplement written discovery.

### 9. SPECIAL ISSUES

As identified in the Joint Brief Pursuant to January 10, 2025, Order [ECF No. 257], there are potential outstanding issues regarding spoliation, Plaintiff's Request for Production No. 6, witness Lt. Sapp's testimony at trial by video, and other matters. *See* ECF No. 258.

### 10. SETTLEMENT

a.  Counsel for the parties and any *pro se* party met by telephone on August 22, 2022, to discuss in good faith the settlement of the case. Counsel for the parties met again by telephone on August 23, 2024, and September 19, 2024, October 29, 2024, to discuss in good faith the settlement of the case.

b.  The participants in the August 22, 2022, settlement conference included Plaintiff (*pro se*) and counsel for Defendant. The participants in the three 2024 settlement negotiations included all counsel of record for all parties.

c.  The parties were promptly informed of all offers of settlement.

d.  Counsel for the parties do not intend to hold future settlement conferences.

e.  It appears from the discussion by all counsel that there is no possibility of settlement.

f.  Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

### 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and this Final Pretrial Order may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

It is estimated that this case will take 2-3 days to try in Denver, Colorado. This case will be tried to the Court and commence on June 9, 2025.

DATED this _____ day of _____, 20____.

**BY THE COURT**

_____
United States Judge

APPROVED:

*/s/ Kimberley Cy. Motley*
**Kimberley Cy. Motley**
Motley Legal Services
P.O. Box 1433
Matthews, NC 28106
Telephone: 704-765-4887
Fax: 704-763-5413
Email: Kmotley@motleylegal.com
Attorney for Plaintiff

*/s/ Cheyenne A.E. Moore*
**Cheyenne A.E. Moore**
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street Suite 500
Denver, CO 80202
Telephone: 303-583-9900
Fax: 303-583-9999
Email: Cheyenne.Moore@nelsonmullins.com
Attorney for Plaintiff

J. BISHOP GREWELL
Acting United States Attorney

*/s/ Katherine A. Ross*
**Katherine A. Ross**
Nicholas A. Deuschle
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0408
E-mail: katherine.ross@usdoj.gov
        nick.deuschle@usdoj.gov
Counsel for Defendant