**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01962-GPG-MDB
(consolidated with 1:18-cv-02667-GPG-MDB)

KIM MILLBROOK,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**PLAINTIFF'S REPLY IN SUPPORT OF UPDATED BRIEFING ON DISCOVERY
DISPUTE PURSUANT TO ORDER DATED APRIL 23, 2025 [D. 268]**

---

Plaintiff Kim Millbrook ("Mr. Millbrook") hereby files this reply in support of his update regarding the parties' ongoing discovery dispute pursuant to the Court's Order dated April 23, 2025 [D. 268]. Mr. Millbrook requests an oral argument given the level of confusion identified herein.

Despite Defendant's Response, Defendant has not demonstrated that the burden of production outweighs the importance of the requested information. Rather Defendant continues to assert boilerplate objections of unduly burdensome that are disproportional to the needs of this case. *Carlson v. Colorado Ctr. For Reproductive Medicine, LLC*, 341 F.R.D. 266, 275 (D. Colo. 2022); *In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. 351, 360 (N.D. Ill. 2005) (finding defendants "failed to provide sufficiently convincing evidence to support their claim [of undue burden]"). Defendant's objections are without merit, as Request for Production No. 6 (the "Request") seeks

relevant information to the claims in this case that are proportional. Indeed, Defendant has failed to satisfy its burden to show Mr. Millbrook's Request is irrelevant[1], disproportional, and unduly burdensome. *Witt v. GC Servs. Limited P'ship*, 307 F.R.D. 554 (D. Colo. 2014). As such, Defendant should be ordered to (1) conduct a search for and produce any responsive documents, (2) attest to the search completed and confirm no responsive documents exist, or (3) make the requested documents available for inspection at a reasonable time, place, and manner pursuant to Fed. R. Civ. P. 34.

**I.    Defendant's Search for Responsive Documents is Insufficient.**

Per Defendant's Response, Defendant has unilaterally limited the Request to records maintained by the Office of Internal Affairs ("OIA") to avoid conducting a sufficient search for all responsive documents.[2] (Resp. at 4-6); *see Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D. Colo. 2007) (summarizing cases for the proposition that Rule 34 imposes an affirmative duty on a party to conduct a diligent search for responsive documents). Defendant argues a search of OIA records satisfies its obligation under Fed. R. Civ. P. 26 and 34, and case law, to make a diligent search for documents responsive to the Request. Specifically, Defendant

---

[1] Defendant admits, without a declaration, it is not withholding any responsive documents based on relevance and, therefore, Defendant does not argue the relevance of documents sought in the Request in its Response even though relevance is asserted as an objection to the Request and stated briefly in the Response. (Resp. at 4, n.2, 9).

[2] *See also Wachtel v. Health Net Inc.*, 239 F.R.D. 81, 91-93 (D.N.J. 2006) (finding that defendant's process for responding to discovery requests was utterly inadequate, in part, because defendant relied on specified business people within the company to search and produce whatever documents they thought were responsive, without verifying that the searches were sufficient); *Wollam v. Wright Med. Grp., Inc.*, No. 10-cv-03104-DME-BNB, 2011 WL 1899774, at *5 (D. Colo. May 18, 2011) (stating Rules 26 and 34, Fed. R. Civ. P., require the Wright defendants and their counsel to conduct a thorough search of the Wright defendants' records; to locate all responsive documents in their possession, custody, and control").

argues there are two primary sources[3] of inmate complaints for staff misconduct: inmate grievances submitted through BOP's administrative remedy program ("formal grievances")[4] and administrative tort claims ("ATCs"). (Resp. at 5). Whether inmates submit a formal grievance or ATC, per BOP's policy, if a physical or sexual assault is alleged the formal grievance or ATC is reported to OIA. (*Id.* at 4-5). Therefore, in theory, a search of OIA's records would be an exhaustive search of any and all formal grievances or ATCs submitted regarding physical or sexual assault by staff. However, Defendant does not take this clear-cut stance, likely because Defendant realizes either BOP policy is not adhered to or OIA records do not capture all assault allegations.

For instance, Defendant does not state or file a declaration stating an OIA records search yielded X number of results from the year Y to present, which aligns with the number yielded from the SENTRY and ATC indexes regarding assaults from the year Y to present. It, therefore, remains unclear whether the OIA records search captures all the same reports from SENTRY and ATC indexes. More importantly, if Defendant was confident the OIA records were sufficient—and it is a simple process for Defendant to conduct an electronic search of those records—then why did it take four meet and confer video conferences, several e-mail communications, and six years for Defendant to produce the twenty-three pages of responsive documents?

---

[3] It is unclear and unknown to Mr. Millbrook what other types of inmate reporting exist that could be responsive to the Request, but Mr. Millbrook focuses his reply on the two sources identified by Defendant. Mr. Millbrook's focused reply in no way waives or limits his entitlement to all responsive documents to the Request.

[4] It is unclear what constitutes an informal inmate grievance, but Mr. Millbrook will focus on the formal grievances as Defendant presents them; however, Mr. Millbrook does not waive any right to argue or challenge the relevance and production of informal inmate grievances if more information becomes available.

There would simply be no need to split-hairs and state a search of handwritten inmate complaints is unduly burdensome as they "are not searchable by computerized means," (*Id.* at 6), if the OIA records capture everything. Statements such as this imply the OIA records do ***not*** reflect all formal grievances and ATCs regarding physical and sexual assaults.

While an original handwritten document may not be searchable electronically, if the information contained within the handwritten document is sufficiently indexed for an electronic search, and the search of said index then leads to the original document for reference—especially if the index does not capture incident details—there is no need to search the original handwritten documents. However, this is not the clear and undeniable argument Defendant presents, rather "for BOP to identify [formal] grievances against particular individuals would require a burdensome, document-by-document review of several thousand handwritten grievances" and "[f]or BOP to identify [ATCs] against particular individuals would require a burdensome, document-by-document review of the remaining 288 handwritten documents." (*Id.* at 7-8). It is this very confusion that has led Mr. Millbrook to seek the Court's involvement to resolve this dispute.

### a. Defendant has Likely Failed to Produce Responsive OIA Records.

Defendant argues searching the OIA records was "a reasonable and effective approach to identifying responsive records" because BOP policy requires allegations of physical or sexual assault to be reported to the OIA. (*Id.* at 4). However, after reviewing Defendant's Response, Mr. Millbrook now questions whether all OIA responsive records have been produced.

First, by Defendant's own admission, all formal grievances and ATCs alleging staff physical or sexual assault are required to be reported to OIA. (*Id.* at 4-5); **Exhibit C**, BOP PS

4

1210.24[5] ¶ 8 (stating staff must report alleged misconduct to warden or OIA, and warden is to report alleged misconduct to OIA). Pursuant to BOP PS 1210.24, a report to OIA regarding physical or sexual abuse on an inmate should include (1) "the identity of the complainant(s), subject(s), witness(es), and victim(s)," (2) "the details of the allegation(s)," and (3) "any corroborating evidence." These reports to OIA, therefore, are responsive to the Request and should be produced as either a misconduct or incident report written by staff officials.[6] Yet Defendant has consistently represented there are no such reports written by staff. (Resp. at 4). Second, per BOP's policy, it should also be noted there are no OIA records regarding the subject incident and Mr. Millbrook's complaints that have been produced. Perhaps no OIA reports were generated regarding the subject incident, but this presents another example of why Mr. Millbrook is confused as to how the OIA records allegedly capture formal grievances and ATCs regarding assault.

      **b.**     **Defendant has Failed to Search SENTRY for Responsive Documents.**

Defendant, by way of example, claims approximately 1,000 ADX inmate grievances are submitted each year. (*Id.* at 6). Although the Request is not limited to reports from ADX inmates, rather the Request is limited to the prior individually named defendants, Defendant provides the number of ADX inmate claims per year as an example.[7] The formal inmate grievances are logged into BOP's searchable SENTRY database. While limited information is logged about the

---

[5] Though Defendant produced 1210.25, which is also cited and relied on by Defendant's declarant Cassandra Grow, the applicable Program Statement at the time of Mr. Millbrook's assaults was 1210.24. Program Statement 1210.25 is dated August 1, 2023, five years after Mr. Millbrook's assaults.

[6] This is perhaps another instance where Defendant's misinterpretation and unilateral limitation of the Request—to substantiated reports is improper—results in an incomplete response to the Request. (Resp. at 3, 10, 11 n.4).

[7] Mr. Millbrook assumes the former individually named defendants have worked at other BOP facilities, not just ADX.

5

grievances, the database does contain information such as date, facility, status, and a brief complaint description. (*Id.* at 6). Upon information and belief, the formal inmate grievances are the handwritten documents that are permitted to be destroyed three to four years after the file becomes inactive even though the SENTRY populated information will remain for twenty years. (*Id.* at 6-7). Defendant makes no representation that it searched SENTRY let alone searched SENTRY for applicable descriptions such as assault or misconduct, then narrowed the search to facilities worked at by the applicable former defendants, and within the past few years that would still have corresponding handwritten grievances.

The documents this search, or similar searches would yield is unknown because Defendant has not conducted such a search. Therefore, Defendant has not met, and cannot meet, its burden. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004) (finding the party objecting to the requested discovery on the ground of undue burdensomeness must submit an affidavit of a person with knowledge of the subject matter explaining in reasonable detail the factual basis for such objection or other evidence revealing the nature of the burden); *see also In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. at 360-61 ("In order to demonstrate undue burden, the [defendants] must provide affirmative proof in the form of affidavits or record evidence. . . . There is only the *ipse dixit* of counsel, and that is not sufficient.").

    c.  **Defendant has Failed to Search ATCs for Responsive Documents.**

Defendant, by way of example, claims 250 – 350 "administrative tort claims are filed with the Florence Complex each year." (Resp. at 7). Florence Complex is comprised of four facilities: (1) Florence federal prison camp, (2) Florence federal correctional institution, (3) USP Florence High, and (4) USP Florence Administrative Maximum. Of the four facilities that make up the

6

Florence Complex, per Defendant, 250 – 350 ATCs from the four facilities combined are filed per year. ATCs "are indexed in a database and are searchable by fields including date, facility, and case type"; however, the ATCs "are not indexed or searchable by the name of any staff or inmate (other than the claimant) with whom the claim is concerned." (*Id.* at 7). Defendant admits it only searched for ATCs by ADX inmates for three case types: (1) assault – staff, (2) failure to protect, and (3) assault – sex assault – staff. (*Id.* at 8). Again, the Request is not, and should not be, limited to ADX inmate claims (unless Defendant confirms the former individually named defendants have only ever worked at ADX). The unilateral limitation aside, and assuming no other case types would be relevant[8], either ADX inmates submit the majority of ATCs amongst the Florence Complex or Defendant misstates 250 – 350 ATCs filed per year for the Florence Complex. (*Id.* at 8 (stating 291 hits for the three case types searched for ADX inmates)).

Regardless, Defendant has failed to meet its burden of this Request being unduly burdensome. *Swackhammer*, 225 F.R.D. at 666; *see also In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. at 360-61. Defendant does not state the years of the search results nor how long it took Defendant to search the index and review the three claims categorized as "Assault – Sex Assault – Staff." For instance, if dates of some results are for documents that have been destroyed under the BOP's retention policy, then the number of documents to review is not the same as the number of results from the index search. Moreover, if the time it took BOP staff to search the index and review three claims is minimal, then Defendant's argument fails. Notably the only argument Defendant presents as to why a search of ATC records is unduly burdensome is because such a

---

[8] For this Reply only, Mr. Millbrook accepts Defendant's representation as true that there are no other case types that would yield responsive documents; however, Mr. Millbrook does not waive any argument to challenge the case types selected upon more information.

7

search would "require a document-by-document review of thousands of handwritten documents." (Resp. at 8). This is insufficient to meet its burden. *Baxter Travenol Lab., Inc. v. LeMay*, 93 F.R.D. 379, 383 (S.D. Ohio 1981) (stating "courts have held that an unwieldy record-keeping system, which requires heavy expenditures in money and time to produce relevant records, is simply not an adequate excuse to frustrate discovery" before finding plaintiffs affidavit estimating review of 2.8 million documents on microfiche with a cost over $80,000 and hundreds of hours did not establish an undue burden). Moreover, in *LeMay*, as proposed herein, the court noted defendants' suggestion to reduce costs to plaintiffs by inspecting the documents first before copying only those deemed relevant would mitigate the burden plaintiffs alleged. *Id.* In comparison to other cases, the Request does not unduly burden Defendant. *In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. at 360.

## II.     The Request is Proportional.

In considering whether the Request is proportional, the Court should weigh "the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carlson*, 341 F.R.D. at 274 (citation omitted).

Even though Mr. Millbrook raised this argument in his initial brief [D. 272], Defendant's Response has not shown how the Request is disproportional. The preceding arguments highlight the ways in which Defendant has failed to show a burden or expense to fully comply with the Request (*i.e.*, number of actual inmate files requiring review, hours required to review inmate files, expense to review inmate files and produce, and number of persons necessary to review inmate files). On the other hand, Mr. Millbrook has *inter alia* established the importance of this discovery

to the issues in this case, and Mr. Millbrook's lack of access to relevant information given the nature of being in ADX custody and BOP operations. The Court, therefore, should find the Request proportional.

### III. Mr. Millbrook does not seek to Rummage through Defendant's Records.

Mr. Millbrook makes no attempt to "rummage" through Defendant's records. Mr. Millbrook served written discovery on Defendant in October 2019, including the Request, to which Defendant objected. It took five and half years, and appointment of counsel, for Mr. Millbrook to receive twenty-three pages of responsive documents that show instances of physical assault-related misconduct alleged against Murton—the primary actor in this case. Mr. Millbrook seeks nothing more than what he is entitled to under the Federal Rules of Civil Procedure and case law. *U.S. v. Marsh*, 197 F.R.D. 430, 431 (D. Haw. 2000) (stating the Fed. R. Civ. P. "create a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'") (citations omitted); *Melendez v. Greiner*, No. 01 CIV.07888 SAS DF, 2003 WL 22434101, at *3 (S.D.N.Y. Oct. 23, 2003) (finding "to the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to [plaintiff's] claims, and such documents are therefore discoverable"); *Roland v. Hill*, No. 17-cv-6524-FPG-JWF, 2019 WL 1128842, at *2 (W.D.N.Y. Mar. 12, 2019) ("Grievances or complaints against defendants for conduct similar to that at issue in this case is plainly relevant.").

The Request is sufficiently narrowed because it only seeks reports alleging physical or sexual assault on an inmate by four individually named officers. While the Request does not

9

include a period scope, Defendant knows how long the individual officers have been employed by BOP, and, per BOP's retention policy, there are already limited documents that may be responsive. Defendant's cited cases are distinguishable as the plaintiffs in those cases did not sufficiently narrow their discovery requests. *Kowalski v. Stewart*, 220 F.R.D. 599, 601-02 (D. Ariz. 2004) (applying the balancing test to determine the subject request was not justified as it sought all prisoner medical grievances against defendants over a thirteen-year period, which was not limited in scope); *see also Goodman v. Georgia Southwestern*, 147 F. App'x 888, 889-90 (11th Cir. 2005) (finding a request for production of documents over a 15-year period for all "official grievances, complaints, civil actions involving discrimination on the part of the university and the Board of Regents" was overly broad, burdensome, and irrelevant); *Dilley v. Metro. Life Ins. Co.*, 256 F.R.D. 643, 645 (N.D. Cal. 2009) (finding defendant established additional possible responsive information "could not be extracted without substantial difficulty and expense [] because MetLife has no ability to query its electronic database in a manner that would capture such information"). The Court is within its discretion to direct Defendant to complete a diligent search and respond to the Request accordingly.

### IV.  Investigation Reports May Constitute as Misconduct, Disciplinary, or Incident Reports by Staff.

Mr. Millbrook does not seek to expand the scope of the Request, rather Mr. Millbrook assumes an investigation report would necessarily include the reporting of misconduct, discipline, and/or incident of physical or sexual abuse on an inmate by an officer. In the event formal grievances or ATCs have been destroyed per BOP's retention policy, and this Court finds Mr. Millbrook is entitled to a diligent search and response to the Request, reviewing and producing

certain investigation reports may satisfy the obligation to produce documents responsive to the Request.

WHEREFORE, Plaintiff Kim Millbrook respectfully requests that the Court order Defendant to conduct a diligent search, supplement is response to Mr. Millbrook's Request for Production No. 6, or make such documents and databases, if necessary, available to Mr. Millbrook's counsel for inspection.

Respectfully submitted July 21, 2025.

*/s/ Cheyenne A.E. Moore*
Cheyenne A.E. Moore
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: 303-583-9900
Fax: 303-583-9999
cheyenne.Moore@nelsonmullins.com

Kimberley Cy. Motley
Motley Legal Services
P.O. Box 1433
Matthews, NC 28106
Telephone: 704-763-5413
Fax: 704-709-4997
Kmotley@motleylegal.com

*Counsel for Plaintiff*

11

# CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF UPDATED BRIEFING ON DISCOVERY DISPUTE PURSUANT TO ORDER DATED APRIL 23, 2025 [D. 268]** with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Nick Mangels*
Nick Mangels